W. H. HAZLETT AND A. B. HAZLETT, *Plaintiffs in Error*,
v. L. G. WILLAUME, *Defendant in Error*.

Opinion Filed December 2, 1918.

In an action between the original parties to a promissory note which is sued on, while *prima facie* the abbreviations "Pres." and "Treas." following the names of the makers of such note may be descriptive only, it is competent in such action to show by extrinsic evidence that such *prima facie* descriptive words were in fact understood as fixing and intended to determine the character in which the persons using them contracted.

Writ of Error to Circuit Court for Orange County; J. W. Perkins, Judge.

Judgment reversed.

*Jones & Jones*, for Plaintiffs in Error.

*Milam & Milam*, for Defendant in Error.

WEST, J.—This was an action based upon a promissory note of which the following is a copy:

"No. 828. Note with Waiver.

"2000.00. Ariel, Pa., Aug. 20, 1907.

"Six months after date, we promise to pay to L. G. Willaume, or his assigns, Two Thousand Dollars, without defalcation, for value received. And we hereby authorize any attorney of any Court of Record in Pennsylvania, or any other State to appear for us and to confess judgment against us for the said sum, with release of errors, etc.; and we hereby also waive all stay of execution from and after the maturity of the above note. And we for ourselves and our legal representatives hereby waive and relinquish unto the said L. G. Willaume and his legal representatives, all benefit that may accrue to us by virtue of any and every law made or to be made, to exempt any of our property or estate from levy and sale under execution, or any part of the proceeds arising from the sale thereof, from the payment of the said moneys or any part thereof.

"In witness whereof, we have hereunto set our hands and seal the day and year aforesaid.

"Witness: W. H. Hazlett, Pres. (L. S.)
"Bert Fish A. B. Hazlett, Treas. (L. S.)"

The declaration is in the statutory form, the defendants being sued upon the theory that they are personally liable as makers of the note, notwithstanding the words, "Pres." and "Treas." following their names.

The case was tried upon pleas denying that the defendants made and delivered the note in manner and form as alleged, and averring that said note was not their personal obligation, but was the note and obligation of the Ariel Lumber Company, a corporation, of which the plain-

tiff had notice at the time of the delivery and acceptance thereof.

It appears from the record that the Ariel Lumber Company was incorporated under the laws of Arizona and authorized to do business in Florida upon a date shortly after the date borne by the note. The incorporators were the plaintiff, the defendants and another, the plaintiff being the secretary and the defendant the president and treasurer of the corporation respectively.

The contention made by the defendants, plaintiffs in error here, is that the note sued upon was intended by all parties thereto as the obligation of the corporation, that it received all the benefits of the consideration for which the note was given and that the note was ratified as the obligation of the corporation while both the plaintiff and the defendants were stockholders and officers of the corporation participating in the management and control of its affairs.

Demurrers to certain of defendants' pleas setting up these facts were overruled by the trial court upon the theory apparently that they set up a valid defense to the action, and some testimony in support of such pleas was offered and admitted in evidence.

At the request of the plaintiff the following charges were given to the jury:

"I instruct you, gentlemen of the jury, that this is a suit on a promissory note under seal signed by the two defendants, A. B. and H. W. Hazlett, and that interpreted according to law the note is the obligation of the defendants personally, binding them as individuals, and that the terms 'pres.' and 'treas.' inserted after the names of the defendants must be regarded by you as terms simply describing the parties and not changing their individual liability."

"I further instruct you, gentlemen of the jury, that the Court has ruled that verbal testimony changing the effect of the note in suit is improper, and that you cannot consider any of the verbal testimony objected to, that tended to show that the note was the note of the Ariel Lumber Company and not of A. B. Hazlett and W. H. Hazlett as individuals."

The giving of these charges was error. This was an action between the original parties to the note sued on, and while prima facie the abbreviations "Pres." and "Treas." following the names of the makers of the note may be descriptive only, it is competent, in an action between such parties, to show by extrinsic evidence that the prima facie descriptive words were in fact understood as fixing and intended to determine the character in which the persons using them contracted. Brunswick-Balke-Collender Co. v. Boutell, 45 Minn. 21, 47 N. W. Rep. 261; Megowan v. Peterson, 173 N. Y. 1, 65 N. E. Rep. 738. In such a case the intention of the parties to the transaction is the controlling element, and "it is oftentimes allowable to show contemporaneous facts and circumstances attending the negotiations of parties in making contracts, as such facts and circumstances may throw light on the transaction as to the intention of the parties." Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, 39 South. Rep. 61; Robinson v. Barnett, 18 Fla. 602.

This is the decisive question in the case. We may remark that the fact that the note, by its terms, authorizes a confession of judgment against the makers in case of its non-payment does not affect its negotiable character (Sec. 2939, Gen. Stats. of Florida, 1906, Florida Compiled Laws, 1914), if that were material, which it is not, has no influence upon the case. Neither is the fact that

the note is under seal material.    Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517.

For the error pointed out the judgment is reversed.

BROWNE. C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.