208 So.2d 492 (1968)
PRODUCERS FERTILIZER COMPANY, a Florida Corporation, Appellant,
v.
Dennis C. HOLDER, Jr., and Martha Holder, Husband and Wife, Appellees.
No. 67-43.
District Court of Appeal of Florida. Second District.
March 27, 1968.
*493 Frank Wotitzky, of Wotitzky, Wotitzky & Schoonover, Punta Gorda, for appellant.
No appearance for appellees.
HOBSON, Judge.
Appellant appeals an adverse summary final judgment entered in its suit against appellees for goods allegedly sold and delivered.
By its second amended complaint appellant alleged that appellees owed it $3739.50 for fertilizer sold and delivered by appellant to appellees between January 3, 1964, and April 1, 1964. Upon motion by appellees the trial court dismissed the complaint with leave to amend, on the ground that it violated Rule 1.10 (now Rule 1.130, 30 F.S.A.) of the Florida Rules of Civil Procedure in that no invoices representing the alleged sales were attached to it. Appellant then filed its third amended complaint, to which were attached invoices purporting to represent the alleged sale but designating Gulf Coast Sod Company, Inc. as the purchaser.
Before answering, appellees moved for summary judgment, on the sole ground that the record disclosed no genuine issue of material fact and that they were entitled to judgment as a matter of law. They filed nothing in support of their motion. In opposition to such motion appellant filed the affidavit of its Vice-President, which recited that the subject fertilizer was sold and delivered to appellees individually, that the invoices referred to Gulf Coast Sod Company as a matter of convenience, and that appellees were the actual purchasers. The affidavit further stated that appellees had previously admitted their individual liability for the purchase price, had executed promissory notes therefor, and had partially satisfied the indebtedness so as to reduce it to $3739.50. A copy of one of the alleged promissory notes was attached to the affidavit.
The trial court granted appellees' motion and entered the judgment here appealed. Appellant assigns as error the entry of such judgment and the dismissal of its second amended complaint.
A motion for summary judgment must be denied if evidence, by affidavit or *494 otherwise, demonstrates that there exists a genuine issue as to any material fact. Harvey Bldg., Inc. v. Haley, Fla. 1965, 175 So.2d 780, 782. Obviously the identity of the actual purchaser of the fertilizer was a material fact, and the discrepancy between the invoices and the affidavit of appellant's Vice-President created a genuine issue as to such material fact. Accordingly, entry of summary judgment herein was proper only if the aforesaid affidavit was for some reason legally insufficient.
Statements in an affidavit can be considered in connection with a motion for summary judgment only if they would be admissible in evidence at trial. Holl v. Talcott, Fla. 1966, 191 So.2d 40, 45; Hardcastle v. Mobley, Fla.App. 1962, 143 So.2d 715, 717; Evans v. Borkowski, Fla.App. 1962, 139 So.2d 472, 475, cert. den. mem., Fla. 1962, 146 So.2d 378; Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109, 112; Fla.R. Civ.P. 1.36(e) (1966) (now Rule 1.510, 31 F.S.A.). Had the case at bar gone to trial, evidence offered by appellant to the effect that appellees were the actual purchasers would have been admissible, as parol evidence is admissible to identify the real parties in interest in a transaction. See Love v. Brown Dev. Co. of Mich., 1930, 100 Fla. 1373, 1379, 131 So. 144, 146; Pittman v. Roberts, Fla.App. 1960, 122 So.2d 333, 334. The affidavit filed by appellant, therefore, was legally sufficient to create a genuine issue of material fact and, thus, to defeat appellees' motion for summary judgment.
The summary final judgment appealed here is reversed, and the cause is remanded for further proceedings consistent herewith. Appellant's contention that the trial court erred in dismissing its second amended complaint is thereby rendered moot.
Reversed and remanded.
ALLEN, Acting C.J., and PIERCE, J., concur.