220 So.2d 678 (1969)
John R. HAWKE and Jean Hawke, Appellants,
v.
BROWARD NATIONAL BANK OF FORT LAUDERDALE, H.G. Coleman and Arthur Saarinen, Appellees.
No. 1959.
District Court of Appeal of Florida. Fourth District.
March 27, 1969.
*679 Henry L. Kaye, of Simons & Schlesinger, Hollywood, for appellants.
K. Odel Hiaasen, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellees.
PER CURIAM.
Plaintiffs appeal from a summary judgment dismissing Counts I and II of their complaint; and from a final judgment for the failure to plead further after an order of dismissal of Count III for failure to state a cause of action. We find no error and therefore affirm.
The plaintiffs had given the defendant-bank a note which contained a confession of judgment and a set-off provision. Although a confession of judgment is null and void in Florida,[1] it does not affect the negotiability of the instrument, Hazlett v. Willaume, 1918, 76 Fla. 514, 80 So. 309. Set-off provisions in promissory notes are allowed in Florida, Bank of West Orange v. Associate Discount Corporation, Fla.App. 1967, 197 So.2d 858; Griffin v. Gulf Life Insurance Co., Fla.App. 1962, 146 So.2d 901; Ribaudo v. Citizens National Bank of Orlando, 5 Cir.1958, 261 F.2d 929; McKee v. Hood, 5 Cir.1963, 312 F.2d 394.
Where a confession of judgment and a set-off provision are present in a promissory note, but are severable, as was the case here, the validity of the note and the set-off will be upheld, regardless of the presence of a confession of judgment. There being only a question of law to be determined, the trial court properly entered a summary judgment for the defendants on Count I and Count II.
The final judgment was entered after an order of dismissal of Count III with leave to amend the complaint. We have examined the pleadings and agree that the plaintiffs have failed to state a cause of action in libel and slander in not alleging the disputed words used; in not stating what crime was alleged to have been committed; in not alleging that the publication or utterances were false and in *680 failing to allege sufficient circumstances to show malice in order to negate the presence of a qualified privilege.
Affirmed.
WALDEN, C.J., and McCAIN and OWEN, JJ., concur.
NOTES
[1] F.S. 1967, section 55.05, F.S.A.