317 So.2d 788 (1975)
CITY OF ST. PETERSBURG, Appellant,
v.
INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL NO. 747, Appellee.
No. 74-854.
District Court of Appeal of Florida, Second District.
September 5, 1975.
Rehearing Denied September 25, 1975.
James P. Ogden, St. Petersburg, for appellant.
Thomas A. Capelle, Hamilton, Douglas & Bennett, Tampa, for appellee.
McNULTY, Chief Judge.
Appellant, City of St. Petersburg, appeals from a final judgment in favor of appellee, International Association of Firefighters, Local No. 747, finding the City liable for breach of the group health insurance provisions contained in two collective bargaining agreements executed by the parties.
The operative facts are simply stated. Following negotiations in 1972, the Union and City entered into a written agreement covering employment of firefighters for 1972-73 which included a "Memorandum of Understanding" with the City's negotiating committee which contained the following language pertinent to this appeal:
"The negotiation committee agrees to recommend the following changes in the Group Insurance Plan at no cost to Firefighters.
1. Daily room and board allowance up to Forty ($40.00) dollars.
2. Maternity benefit (Blue Cross) increased an additional one hundred ($100.00) dollars.
3. Supplemental accident benefits of one hundred fifty ($150.00) dollars. (For accident)
4. Major Medical Coverage availability for employees who retire to age sixty-five (65) under the Firemens Pension Plan. Inclusion for those presently retired." (Italics ours.)
Subsequently, the City increased the health insurance coverage but assessed the City employees for the additional cost. The Union objected contending that these increased benefits should have been given at no additional cost pursuant to the Memorandum. *789 Thereafter, the Union filed a complaint herein alleging breach of the 1972-73 agreement and a supplemental complaint alleging breach of a second 1973-75 agreement containing a "Prevailing Rights Clause" which incorporates the same benefits as provided for in the 1972-73 agreement.
Following trial and hearing of post-trial motions, the court issued a final judgment ruling that the City had breached both agreements. He awarded $8,073 as damages for improperly withholding Union members salaries and ordered a discontinuance of such deductions. We reverse.
At trial the court, erroneously we think, permitted over appellant's timely objection the introduction of parol evidence establishing that the City agreed not only to recommend increased coverage but, if given, that it would be provided at no extra cost to employees. This was fatal.
To begin with, it is rudimentary that parol evidence is inadmissible to modify, alter or affect the construction of a written contract which is expressed in clear terms unless the terms are latently ambiguous.[1] Here, we think that the language of the appended "Memorandum of Understanding" is clear and unequivocal. The negotiation committee had agreed only to recommend increased group insurance coverage. Nowhere in the contract does it appear that the City accepted or ratified that recommendation even assuming it was made.
The trial court was of the view that there is indeed an ambiguity and agreed with the Firefighters' contention that what the contracts mean is that, while the changes in the group insurance plans were only to be recommended, if the increased coverage was in fact implemented the City would be obligated to provide it without cost. No reasonable interpretation of the aforequoted language gives rise to such meaning; hence no ambiguity. Accordingly, we hold that in construing the contracts as a matter of law, as the trial judge should and unquestionably would have in the absence of the parol, the four corners thereof must be read as not providing that the City assented to any recommendations of "no-cost" health insurance benefits to appellees. There is no basis to construe their express terms otherwise.
In view whereof, the judgment appealed from should be, and it is hereby, reversed, and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] 13 Fla.Jur., Evidence § 398 (1957).