329 So.2d 323 (1976)
Robert C. LANDIS, Appellant,
v.
Barry L. MEARS et al., Appellees.
No. 75-790.
District Court of Appeal of Florida, Second District.
March 19, 1976.
Robert C. Burke, Jr., of George A. Routh, Clearwater, for appellant.
Joe R. Wolfe, Clearwater, for appellees.
SCHEB, Judge.
In this appeal the appellant/defendant Robert C. Landis complains of entry of a judgment by the trial court holding him liable for having executed a lease in his individual capacity.
Appellees/plaintiffs, as lessors, entered into a lease with appellant/defendant which identified the parties as:
"... MEARS INDUSTRIAL COMPLEX, BARRY L. MEARS, hereinafter *324 called the lessor, party of the first part, and NATIONAL AUTOCLEAN SYSTEMS, INC. ROBERT C. LANDIS & CLIFFORD McCLOSKEY of the County of PINELLAS and the State of FLORIDA hereinafter called the lessee or tenant, party of the second part:"
The document was executed and acknowledged as follows:

Alleging a default under the lease, Mears sued National Autoclean Systems, Inc., Robert C. Landis and Clifford McCloskey. The trial judge, after a nonjury trial entered an order on April 28, 1975, finding the lease to be "ambiguous and unclear on its face" and in due course entered a final judgment against the appellant. The court, noting that parol evidence was admitted to determine the intent of the parties, found:
"[T]he Defendant LANDIS did know and have actual knowledge that the lease was negotiated to and was intended to bind NATIONAL AUTOCLEAN SYSTEM, INC., ROBERT C. LANDIS and CLIFFORD G. MC CLOSKEY, individually, notwithstanding the manner in *325 which the signatures of ROBERT C. LANDIS and CLIFFORD G. MC CLOSKEY were affixed to the lease."[1]
Appellant contends he signed the lease only in a corporate capacity and it was error for the trial judge to have found him personally liable. Appellee, on the other hand, responds that an ambiguity resulted from the manner in which appellant executed the document. This ambiguity, says appellee, allowed the trial court to receive parol evidence to determine the true capacity in which Landis actually signed the instrument. Appellant responds by saying that assuming arguendo there was an ambiguity in the lease, it was a patent rather than a latent one and the court was therefore precluded from receiving parol evidence.
When it becomes necessary to determine the capacity in which parties entered into an agreement, the court looks at the entire agreement of the parties. Thus, in State v. Hollandale, Inc., Fla.App. 1960, 125 So.2d 587, where John D. Steele signed an instrument as president of a corporation, but the contract referred to an obligation on the part of "undersigned officers," this court upheld the trial court's denial of Steele's motion to dismiss the complaint against him in his individual capacity. There we said that whether Steele was or was not involved as an individual could only be determined by a review of the evidence. Of course, the principle which allows a court to receive parol evidence has long been recognized in determining the relationship of an undisclosed principal with his agent. See, 1 Fla.Jur., Agency, § 90; Pittman v. Roberts, Fla.App.2d 1960, 122 So.2d 333. And more recently, in Producers Fertilizer Co. v. Holder, Fla.App.2d 1968, 208 So.2d 492, this court indicated that parol evidence is admissible to determine the real parties in interest in a transaction. In Holder, there was a conflict between the seller's affidavit which stated he sold and delivered fertilizer to a purchaser individually, and the invoices which referred to the purchase as a corporation.
Hazlett v. Willaume, 1918, 76 Fla. 514, 80 So. 309, is a case which points up the necessity of the court to receive extrinsic evidence when there is an ambiguity concerning the capacity in which parties entered an agreement. There, the Supreme Court reversed a judgment of the lower court because the trial judge refused to admit evidence of whether the parties intended an individual or corporate transaction where the words "pres." and "treas." were written after their signatures as makers of a note.
In the lease at issue here, the lessees are initially identified as a corporate entity and individuals. The lease, prepared on behalf of the appellant Landis, was signed by him on Page 2 with the word "pres." beside his signature, and opposite the name of the corporation. His signature was affixed in the place designed for signature of witnesses. The acknowledgment, while also unclear, supports the position taken by appellees that appellant acknowledged the lease in an individual capacity. Since there was an ambiguity here, apparent on the face of the instrument, the trial court correctly admitted parol evidence. The trial judge by parol evidence found an intent had been manifested by the parties that the appellant be individually bound on this undertaking. Appellant does not challenge the sufficiency of the evidence on this point.
The rule differentiating between patent and latent ambiguities in respect to admitting parol evidence has been criticized and even discarded in a number of jurisdictions. See, 30 Am.Jur.2d, Evidence, § 1073. Still, Florida courts have adhered to the distinction and ordinarily allow parol evidence where there is a latent ambiguity *326 and reject it where there is a patent ambiguity. Carson v. Palmer, 1939, 139 Fla. 570, 190 So. 720; Ace Electric Supply Co. v. Terra Nova Electric, Inc., Fla.App. 1st 1973, 288 So.2d 544; City of Hollywood v. Zinkil, Fla.App.4th 1973, 283 So.2d 581. See also, City of St. Petersburg v. International Assoc. of Firefighters, Fla.App.2d 1975, 317 So.2d 788. The reasoning runs like this: A latent ambiguity exists where a document is rendered ambiguous by some collateral matter. In such instances it is essential for the court to hear that matter to render a proper interpretation. Where, however, the ambiguity is patent, to admit evidence would be improper since it would, in effect, allow the court to rewrite the contract for the parties by supplying information the parties themselves did not choose to include.
We recognize the classic distinction between patent and latent ambiguities as a basis of the court determining whether or not to hear parol evidence; nevertheless, that distinction is not relevant here since the court was only interested in determining the capacity of the parties who entered the agreement rather than in varying or supplying any terms to the agreement. This case is controlled by the principle that where, as here, there is an ambiguity on the face of a contract as to the capacity of parties and their relationship with one another and the surrounding circumstances when they entered into the agreement, the court is proper in receiving parol evidence.[2]
We have examined the other points relied on by appellant, including the question concerning damages, and find such points to be lacking in any substantial merit.
Accordingly, the judgment of the trial court is affirmed.
BOARDMAN, A.C.J., and GRIMES, J., concur.
NOTES
[1] The court determined McCloskey was not personally liable because he was merely a corporate employee acting in reliance on the representations of the appellant Landis.
[2] In addition to Hazlett v. Willaume, supra, see also, Tomlin v. Ceres Corp., 5th Cir.1975, 507 F.2d 642; Brown v. Prince, 10th Cir.1947, 161 F.2d 537; Planters' Chemical & Oil Co., v. Stearnes, 1914, 189 Ala. 503, 66 So. 699.