## CAPPADONA v. BILOWIT, et al.
No. 77-2038-CA (L) 01.
Circuit Court, Palm Beach County.
August 22, 1977.

John D. Wessel, Boca Raton, for the plaintiff.

Richard B. Mateer, Boca Raton, for the defendants.

DANIEL T. K. HURLEY, Acting Circuit Judge.

On September 24, 1976 the defendants in this case, Bilowit and Arcadapane, executed and delivered a promissory note to the plaintiff Cappadona. The note called for the payment of $4,000 in monthly installments of $100. Additionally, the note contained the following provision —

> And to secure the payment of said amount we hereby authorize, irrevocably, any attorney in any Court of Record to appear for us in such Court, in term time or vacation, at any time hereafter and confess a judgment without process in favor of the holder of this Note for such amount as may appear to be unpaid thereon, *together with costs and reasonable attorney's fees,* and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that the said attorney may do by virtue hereof. If there are two or more signers to this note and power of attorney, the foregoing power is joint and several (Emphasis supplied.)

Alleging that the defendants are in default, the plaintiff has brought this action for monetary damages together with costs and attorney's fees. Defendants, however, have filed a motion to strike all provisions in the complaint regarding costs and attorney's fees and have argued that the authorizing languge for the recovery of these items is part and parcel of a confession of judgment clause and furthermore that such clauses are null and void in the state of Florida.

The plaintiff agrees that the clause is null and void, but contends that the costs and attorney's fees provision is severable.

Both parties have cited the same authorities in support of their positions — *Vineberg v. Brunswick Corp.*, 391 Fed.2d 184 (5th Cir. 1968), and *Hawke v. Broward Nat. Bank of Fort Lauderdale*, 220 So.2d 678 (Fla. 4th DCA 1969).

In *Vineberg* the appellate court affirmed Judge Fulton's decision that a confession of judgment clause was null and void, but was severable from the remainder of the promissory note. The clause is set forth in a footnote to the opinion and it should be noted that it contains the exact same language regarding costs and attorney's fees that is in question here. The point is that the entire clause, including the recovery of costs and fees, was severed and held to be unenforceable.

While the *Hawke* opinion does not list the provisions of its note, it does indicate that the note contained a confession of judgment and a set-off provision. In upholding the validity of the set-off provision, the court said —

> Where a confession of judgment and a set-off provision are present in a promissory note, *but are severable,* as was the case here, the validity of the note and the set-off will be upheld, regardless of the presence of a confession of judgment. (Emphasis supplied.)

The issue in this case is whether the costs and attorney's fees provision is severable from the confession of judgment clause. I conclude it is not. Rather, it is inextricably linked with the prohibited clause and must therefore fall. See Florida Statute 55.05.

Accordingly, it is ordered and adjudged that the defendants' motion to strike all provisions in the complaint regarding recovery of costs and attorney's fees is granted.