388 So.2d 232 (1980)
Donald F. WINTER, et Ux., Appellants,
v.
INTERNATIONAL MOTEL BROKERS, INC., Etc., Appellees.
No. 79-207.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
Rehearing Denied September 18, 1980.
*233 C. Allen Watts, of Watts, Biernacki & Frost, P.A., DeLand, for appellants.
John F. Hughes, Daytona Beach, for appellees.
PER CURIAM.
Donald and Betty Winter, husband and wife, appeal from a judgment entered after a non-jury trial finding them jointly and severally liable for a real estate commission to International Motel Brokers, Inc., earned upon sale of a motel owned by Donald Winter. We affirm the judgment against the husband, but reverse it against the wife.
In January of 1978, Betty Winter executed an agreement giving International an exclusive right to sell a motel in Daytona Beach. Betty thought she was a joint owner of the motel at the time she signed the agreement. In fact, her husband was the sole owner of the motel. He subsequently ratified her signature on his behalf.
Although a party may bring suit against both the agent and the principal on a contract, a judgment cannot be entered against both. Bertram Yacht Sales, Inc. v. West, 209 So.2d 677 (Fla.3d DCA 1968); Hohauser v. Schor, 101 So.2d 169 (Fla.3d DCA 1958). Betty Winter acted as an agent for her husband, fully disclosed as to his one-half ownership, and undisclosed as to her "supposed" one-half interest. In both situations the liability of the agent and disclosed/undisclosed principal is alternative rather than joint and several.[1] The broker is entitled to a commission from the owner of the property, but not the owner's agent as well.
AFFIRMED in part; REVERSED in part.
FRANK D. UPCHURCH and SHARP, JJ., and JAMIESON, FRANCES ANN, Associate Judge, concur.
NOTES
[1] Williston on Contracts § 289 (3d Ed. Jaeger 1959); Restatement (Second) of Agency §§ 210(1), 210 A, 184, Comment e (1958).