417 So.2d 726 (1982)
Joan W. STEIN, Martin Stein, Martin Stein, Jr., Richard W. Stein and Robert L. Stein, As All of the Partners in Regency Square, a Florida General Partnership, Appellants,
v.
MISS FRANIE's, INC., a Corporation, d/b/a Annie Tiques, William E. McLaughlin and Frances A. McLaughlin, Appellees.
No. AH-120.
District Court of Appeal of Florida, First District.
July 13, 1982.
J. Michael Lindell, Ulmer, Murchison, Ashby, Taylor & Corrigan, for appellants.
William H. Jeter, Jr., Adams & Adams, Jacksonville, for appellees.
LARRY G. SMITH, Judge.
This appeal presents for review the trial court's order dismissing two counts of appellants' complaint with prejudice, upon a finding that the written guaranty agreement sued upon is unambiguous on its face, and is patently a corporate guaranty, rather than an individual guaranty binding appellees William E. McLaughlin and Frances A. McLaughlin.
The facts briefly are that appellants leased a portion of the shopping center, by written lease agreement, to the appellee, Miss Franie's Inc. A written "Guarantee of Lease" was signed by the McLaughlins. This "Guarantee of Lease," was executed by the McLaughlins as follows:
CORPORATE GUARANTOR
 By: /s/ Frances A. McLaughlin
 President
 Attest: /s/ William E. McLaughlin
 Secretary
 (Corporate Seal)
 Individual and/or joint Guarantor(s)
 ------------------------------------
 ------------------------------------
Litigation ensued between the landlord and tenant, and resulted in a judgment which was affirmed by this court, Miss Franie's, Inc. v. Stein, 411 So.2d 388 (Fla. 1st DCA 1981). The present controversy grows out of appellants' further efforts to recover damages for breach of the lease between the parties, and Counts II and III seek recovery damages from the McLaughlins, individually, based upon their execution of the "Guarantee of Lease."
Appellants contend that the trial court erred in determining, as a matter of law, that the guaranty executed by the McLaughlins was a corporate guaranty, and not the personal guaranty of the McLaughlins. We agree with appellants' position for several reasons. First, the so-called "corporate guarantor" is not identified in the written "Guarantee of Lease," nor in the lease itself, nor in other documents forming a part of the transaction.
Secondly, if the guarantor and the corporate tenant, Miss Franie's Inc., are one and *727 the same as urged by appellees, then the "Guarantee of Lease" would serve no purpose whatever, and its execution would be a useless gesture. Furthermore, the specific language of the guaranty itself is inconsistent with the idea that the tenant and the guarantor are one and the same. See, Manufacturers' Leasing Ltd. v. Florida Development & Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976).
Thirdly, paragraph 29 of the lease agreement provides:
The submission of this lease for examination does not constitute an offer to lease, and this lease shall be effective only on execution hereof by Landlord and Tenant, and upon execution of the Guarantee Agreement annexed hereto by William Edward McLaughlin.
Mr. McLaughlin's name was inserted as it appears in the foregoing paragraph in the lease by typewriting, in a space provided for that purpose.
Appellants argue that the McLaughlins are individually bound on the guaranty as a matter of law. There is some case law to support this view, but it is a minority one. See, Annotation, 70 ALR3rd 1276, 1280, § 4 at 1284. The Florida courts have generally followed the majority rule, that is, where it is uncertain whether the instrument was intended to bind the person in an individual or representative capacity, parol evidence is admissible to explain the ambiguity. See, Landis v. Mears, 329 So.2d 323 (Fla. 2nd DCA 1976). We follow the majority rule.
It should be noted that the Landis court, although it recognized the rule differentiating between "patent" and "latent" ambiguities in respect to admitting parol evidence, determined that this distinction does not apply where the court is simply attempting to determine the capacity of the parties who entered into the agreement, rather than in varying or supplying any terms to the agreement. 329 So.2d at 325, 326. In our view, the Landis decision is consistent with early Florida Supreme Court decisions which held parol evidence admissible to show the capacity in which parties signed, especially where the litigation was between the parties to the agreement. See, Falsten Realty Co. v. Kirksey, 103 Fla. 225, 137 So. 267 (Fla. 1931); Hazlett v. Willaume, 76 Fla. 514, 80 So. 309 (Fla. 1918).[1]
On remand the trial judge should determine the capacity in which the individual appellees signed their names based upon the instrument itself, the underlying lease agreement and any other contemporaneous documents, and parol evidence relevant to the transaction between the parties.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] We note this rule also to be consistent with the Uniform Commercial Code, Section 673.403(2)(b), Florida Statutes (not applicable to this case), which provides, in part, that "[E]xcept as otherwise established between the immediate parties ...," an authorized representative who signs his own name is personally obligated if the instrument does not name the person represented but does show that the representative signed in a representative capacity. This provision contemplates parol testimony to resolve the issue. Dynamic Homes, Inc. v. Rogers, 331 So.2d 326 (Fla. 4th DCA 1976).