ORFINGER, Chief Judge.
Appellant Burris appeals the entry of a final summary judgment against him in an action brought on a charge account, contending that an issue of fact existed as to his individual liability on that account. We agree and reverse.
The forepart of the application for the charge account shows the applicant to be Oak Tree Homes. The end of the document is signed by Walter L. Burris, with no indication that it is signed other than as an individual. The record discloses a previous 30-day charge account with appellee in the name of Oak Tree Homes, Inc., and the book transfer of the balance existing in that account to the account in question, an extended pay account payable at $800.00 per month.
Burris affirmatively pleaded that he signed the application as an agent for Oak Tree Homes, Inc.[1] Both parties moved for *788 summary judgment. The trial court denied Burris’ motion, finding that “[tjhere exists a genuine issue of material fact on the question of individual liability of Burris upon examination of his signature as it exists on the open account agreement ... . ” However, the trial court then granted Jacobson’s motion for summary judgment on the same issue, finding no ambiguity in the application for the charge account.
We agree that there was an issue of material fact created by the charge account application because it is ambiguous, and the parol testimony considered by the court in the form of affidavits of interested witnesses only served to emphasize the conflicting inferences, Landis v. Mears, 329 So.2d 323 (Fla. 2d DCA 1976). Under these circumstances, a summary judgment is improper. See Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
Since the cause must be returned to the lower court for trial, we should observe that the court relied on section 673.403(2), Florida Statutes (1981), as support for holding Burris individually liable. That statute refers to “instruments,” which are defined in section 673.102(l)(e) as “negotiable instruments.” The application for a charge account is not a negotiable instrument, so the statute does not apply here.[2]
The summary final judgment against appellant Burris is reversed, and the cause is remanded for trial.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. Jacobson’s filed suit against Oak Tree Homes, Inc., and against Burris, individually, for the same account and the same balance due, and recovered judgment against both. Oak Tree *788 Homes, Inc., did not appeal the judgment. Burris contends for the first time on appeal, that both the principal and the agent cannot be held responsible for the same debt, relying on Winter v. International Motel Brokers, Inc., 388 So.2d 232 (Fla. 5th DCA 1980). This issue has not been preserved for appellate review, and consequently we do not address it.

. Nevertheless, cases interpreting that statute point to the issue created by such ambiguities and to the admissibility of parol evidence to help clear up such ambiguities, and thus are helpful here. E.g., see Havatampa Corp. v. Walton Drug Co., Inc., 354 So.2d 1235 (Fla. 2d DCA 1978).