623 So.2d 819 (1993)
PHILIP SCHWARTZ, INCORPORATED, doing business as Schwartz and Noonan Advertising, Appellant/Cross-Appellee,
v.
GOLD COAST GRAPHICS, INCORPORATED, a Florida corporation, Appellee/Cross-Appellant.
No. 92-1956.
District Court of Appeal of Florida, Fourth District.
September 1, 1993.
Rehearing Denied October 8, 1993.
James H. Villacorta, Samuel S. Lewis and William G. Liston of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellant/cross-appellee.
Blaise Picchi of Blaise Picchi, P.A., Fort Lauderdale, for appellee/cross-appellant.
KLEIN, Judge.
The appellant advertising agency ordered brochures from a printer for its client Eastern Airlines. When Eastern Airlines failed to pay the bill, the printer sued the agency for payment and obtained a jury verdict. The agency argues that the printer is barred from recovering from the agency because an agent contracting for a disclosed principal is not personally liable on the contract. We agree and reverse.
The advertising agency had been using this printer for three or four years to do work for various clients. In 1988 the agency submitted a purchase order for the printing of ski brochures for Eastern Airlines. The purchase order from the agency to the printer stated:
Unless our name appears as client we place this order for a disclosed principal, hence only the client's credit is involved, and the client's final approval of service rendered is essential.
Eastern Airlines was named as the client on the purchase order.
Pursuant to this order the printer completed the job and sent the agency an invoice in *820 the amount of $46,659. The agency refused to pay the bill because it had not been paid by Eastern. When the agency requested a second printing of the brochures, the printer refused to proceed unless there was a payment on the first job. Eastern then paid the printer $25,000 and the printer fulfilled the second order. After the payment was credited there was a balance of approximately $33,000 due the printer. Eastern never paid the remaining amount and the printer brought this suit against the advertising agency.
It is the general rule that an agent acting for a disclosed principal is not personally liable for the debts of the principal. Blount v. Tomlinson, 57 Fla. 35, 48 So. 751 (1909); Andrew H. Boros, P.A. v. Carter, 537 So.2d 1134 (Fla. 3d DCA 1989). If the contracting party knows the identity of the principal, the principal is deemed disclosed. Van D. Costas, Inc. v. Rosenberg, 432 So.2d 656 (Fla. 2d DCA 1983).
The Restatement (Second) of Agency § 320 (1958) states:
Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.
Comment b to § 320 states:
One bringing an action upon a contract has the burden of showing that the other is a party to it. This initial burden is satisfied if the plaintiff proves that the defendant has made a promise, the form of which does not indicate that it was given as agent. The defendant then has the burden of going forward if he wishes to show that his promise was made only as an agent and that this should have been so understood. Unless barred by the parol evidence rule or some similar rule existing in the case of integrated documents (see §§ 323-325), an agent sued by the other party to a contract satisfies the burden of going forward by showing that it was known to the other that he was acting as agent for a disclosed principal and, unless further facts are shown, a judgment for the agent should be directed.
In the present case the printer knew from the beginning that the agency was ordering these brochures for its client, Eastern Airlines. The account executive employed by the printer testified that the purchase order generated this work. He knew the client was Eastern and that Eastern would be paying the bill.
The printer relies on evidence that the advertising agency had once filled out a credit application for the printer, that the printer was relying on the agency's credit, and that the agency had never before refused to pay a printing bill on the ground that the agency had not been paid by its client. This evidence is insufficient to vary the provisions of the purchase order.
When the advertising agency submitted the purchase order to the printer it was making an offer to enter into a contract. The printer's performance constituted the acceptance of the offer, and thus, a contract. Section 672-206, Florida Statutes (1991); Restatement (Second) of Contracts, §§ 32 and 62 (1982); Mark Realty, Inc. v. Rogness, 418 So.2d 373 (Fla. 5th DCA 1982). The agency's offer made it clear that it was acting as an agent for its disclosed principal, Eastern, and that only Eastern's credit was involved. The printer could no more have changed this provision of the contract, after accepting it by performing it, than it could have unilaterally altered the cost of the brochures which was set forth in the offer.
The printer argues on cross-appeal that it should have been permitted to put on evidence of custom or usage in the industry; however, the trial court correctly excluded this evidence, because custom and usage cannot prevail over a legal right. Wilson v. Jernigan, 57 Fla. 277, 49 So. 44 (1909). Nor can custom and usage alter the terms of a written contract. Southern Crane Rentals v. City of Gainesville, 429 So.2d 771 (Fla. 1st DCA 1983).
Evidence of custom and usage in the advertising industry has been held admissible in cases where the parties failed to specify who would be responsible for payment, but the courts admitting this evidence have pointed out that such evidence cannot vary express provisions of a contract. Clark Advertising *821 Agency, Inc. v. AVCO Broadcasting, Corp., 178 Ind. App. 451, 383 N.E.2d 353, 355 (1978); Midwest Television, Inc. v. Scott, Lancaster, Mills & Atha, Inc., 205 Cal. App.3d 442, 252 Cal. Rptr. 573, 579 (2d Dist. 1988).
Because this purchase order, which became a contract upon performance by the printer, specifically provided that the agent was contracting for a disclosed principal, the agent was not liable for payment. We reverse for entry of a judgment in favor of the advertising agency.
GUNTHER and POLEN, JJ., concur.