PATTERSON, Acting Chief Judge.
Pelican Automotive, Inc. (Pelican), Roger Dean (Dean), and David Box (Box) appeal from a joint and several jury verdict in the amount of $79,175.64 rendered in favor of Urbano Rutigliano. We affirm the final judgment as to Pelican and reverse the portion of the final judgment finding Dean and Box personally liable.
Rutigliano is the owner and sole shareholder of MUZ, Inc., which in turn was the owner of VIP Mitsubishi, an automobile dealership in Sarasota. MUZ also operated a used car lot in Bradenton on leased premises. In June 1995, MUZ filed Chapter 11 bankruptcy proceedings. Because of the pending bankruptcy, David Box, as representative of Pelican Automotive, contacted Rutigliano about purchasing MUZ’s assets. Box was the general manager of Pelican’s Ford dealership in Sarasota.
Rutigliano, Box, and Dean, the majority shareholder of Pelican, met and reached a tentative purchase agreement. However, this agreement was frustrated by other potential bidders and the MUZ Mitsubishi dealership was auctioned under the direction of the bankruptcy court. Pelican was the successful bidder, paying $781,686.01 for the dealership. The purchase price was adequate to satisfy all of MUZ’s creditors and conclude the bankruptcy proceedings.
At trial, Rutigliano testified that he had reached an oral agreement with Box and Dean in 1995 prior to Pelican’s purchase of the Mitsubishi dealership. That agreement was for Rutigliano to receive a 10% ownership interest in the new dealership and a job in exchange for transferring the Bradenton lot lease to Pelican. The lot was of particu *489 lar interest to Pelican, Box, and Dean, and the parties had originally contemplated that it would be part of the overall purchase. However, due to the nature of the bankrupt-ey auction, the lot was not included in the sale.
After the purchase had been completed, Box wrote MUZ the following letter on Pelican’s behalf:
[[Image here]]
*490 Box followed with another letter, this one directed to Rutigliano rather than MUZ. It said:
[[Image here]]
The lease was assigned to Pelican on February 1, 1996, and Rutigliano became the sales manager at Sarasota Mitsubishi. He did not receive, however, any indicia of an ownership interest in the business. His employment was terminated in June 1996, and in April 1997, he brought this multi-count action. The essence of the claim was entitlement to damages equal to a 10% interest in Sarasota Mitsubishi, which Pelican now owns. The amount the jury ultimately awarded is approximately 10% of what Pelican paid to purchase the dealership at the bankruptcy auction.
Although far from a picture perfect business transaction, we agree with the trial court that Rutigliano established a prima *491 facie case of an agreement with Pelican for a 10% interest in the Sarasota Mitsubishi dealership and that the record is adequate to support the amount the jury awarded. We therefore affirm as to Pelican.
That, however, is not the case as to Box and Dean. Box at all times acted in his capacity as an officer of Pelican. The record shows no evidence of an agreement between Box individually and Rutigliano. Therefore, Box cannot be held personally liable. See Philip Schwartz, Inc. v. Gold Coast Graphics, Inc., 623 So.2d 819 (Fla. 4th DCA 1993) (holding that an agent acting for a disclosed principal is not personally liable for the principal’s debts). The same is true as to Dean. Although Dean was the majority shareholder of Pelican, there is nothing to support a conclusion that Dean offered or became obligated to transfer any stock he personally owned to Rutigliano. We therefore reverse as to Box and Dean.
Affirmed in part; reversed in part.
BLUE and GREEN, JJ., Concur.