793 So.2d 1066 (2001)
Maurice SUSSMAN, Irving Sussman, and Selig Sussman, as Trustees of the Florida Realty Mortgage Trust No., 93-098, and Florida Realty and Management Corporation, a Florida corporation, Appellants,
v.
FIRST FINANCIAL TITLE COMPANY OF FLORIDA, a Florida corporation, Appellee.
No. 4D00-2495.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
Rehearing Denied October 1, 2001.
*1067 Jeffrey A. Sarrow of Jeffrey A. Sarrow, P.A., Plantation, for appellants.
Paul H. Bass of Paul H. Bass, P.A., Coral Gables, and Michael P. Chase, North Miami Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellants sought damages from appellee, alleging that the latter's improper closing of a mortgage loan rendered appellants' mortgage unenforceable. The trial court entered a final summary judgment for appellee, holding that appellee was not liable because at all material times it was acting as agent for Commonwealth Land Title Insurance Company, a disclosed principal.[1] We reverse.
Appellants[2] agreed to make a loan to enable the proposed borrower, a corporate entity, to acquire certain real property in Broward County. The loan was to be secured by a first mortgage lien to be *1068 placed on the property by the purchaser at the time the sale was closed. Appellants' attorney wrote a letter to appellee stating, "We wish to engage you as an agent of Commonwealth Land Title (the "Title Company") in connection with the closing of the referenced loan." The letter affirmed that appellee would conduct the loan closing simultaneously with its closing the sale and also specified other duties to be performed by appellee. Those included disbursement of the loan proceeds, recording of the documents, and the issuance of a mortgagee title policy to appellants insuring the validity of appellants' first mortgage lien. Appellants' lawyer, who did not attend the closing, prepared and sent to appellee the note and mortgage he expected the proposed corporate buyer to execute at closing. At the closing of the sale, the title to the property was taken in the joint names of the proposed corporate buyer and its principal; however, the mortgage, as prepared in advance of closing by appellants' attorney and which named only the corporation as the mortgagor, was not modified by adding the corporation's principal as a mortgagor. It was executed only on behalf of the corporate owner. Nonetheless, a mortgagee title policy insuring the validity of appellants' first mortgage lien was subsequently issued and sent to appellants' attorney along with a packet of the various closing documents.
A year later, the note and mortgage went into default. Appellants' efforts to foreclose on the mortgage were frustrated by the fact that the mortgage had not been executed by one of the owners of the property. Three years of litigation ensued, culminating in the mortgage's reformation and foreclosure and appellants' bidding the property in at the foreclosure sale. Appellants seek in this suit to recover from appellee the damages which they claim are a result of appellee's improper closing of the mortgage loan and for which they have not been otherwise fully compensated.[3]
The stated basis of the court's summary judgment was that appellee was acting as "agent of a disclosed principal." It is generally recognized that an agent acting within the course and scope of its agency relationship with a disclosed principal is not liable for the debts or obligations of the principal arising from contracts which the agent may negotiate or execute on behalf of such disclosed principal. See, e.g., Philip Schwartz, Inc. v. Gold Coast Graphics, Inc., 623 So.2d 819 (Fla. 4th DCA 1993). If appellants in fact engaged Commonwealth to close the mortgage loan, and if appellee in closing the mortgage loan acted as Commonwealth's agent for that purpose, then the foregoing principle of law would, indeed, sustain the trial court's ruling as pertains to the contract counts. The problem here, however, is that notwithstanding the specific language of appellants' letter engaging appellee to conduct the mortgage loan closing, fact issues remain as to whether appellee, while acting as "closing agent," was acting as an agent for Commonwealth, an agent for appellants, or an independent contractor. See Parker v. Domino's Pizza, Inc., 629 So.2d 1026, 1027 (Fla. 4th DCA 1993)(noting that "the nature and extent of the relationship of parties said to occupy the status of principal and agent presents a question of fact ... and is not controlled by descriptive labels employed by the parties themselves"); see also Glynn v. N.H. Ins. Co., 578 So.2d 36 (Fla. 4th DCA 1991)(an agent can be the agent of the insurance company for one purpose and the agent of the insured for other purposes).[4] Because of the existence of such *1069 factual issues, disposition of the contract counts by summary judgment was error.
As to the appellee's alleged tortious conduct, it is almost universally held that the existence of a principal and agent relationship is immaterial, the tort liability of the agent not being based upon the existence of any contractual relationship between the agent and a principal but upon the common law obligation that every person must so reasonably act or use that which he or she controls as not to harm another. See 3 Am.Jur.2d, Agency § 309 (1986); Restatement Second of Agency § 343. Thus, as to the negligence count, because whether appellee was acting on behalf of a disclosed principal was immaterial, it was error for the court to enter summary judgment for appellee on the basis of "agent of a disclosed principal."
Appellee argues that, in any event, the summary judgment was properly entered for appellee because appellants' suit was barred by the statute of limitations, one of the matters also argued below in support of the motion. The statute of limitations on ordinary negligence is four years. See § 95.11, Fla. Stat. (1997). Appellee argues that since appellants' cause of action, if any, arose at the time the alleged negligent act occurred, i.e., when the mortgage loan was closed on August 17, 1993, citing Meyer v. Roth, 189 So.2d 515 (Fla. 3d DCA 1966), and this suit was not filed until April 13, 1998, it is time barred. However, we have held that in a general negligence case, the elements of a cause of action are existence of a duty, breach of that duty, causation, and damage. See Miller v. Foster, 686 So.2d 783, 783 (Fla. 4th DCA 1997). Section 95.031(1), Florida Statutes, provides that "a cause of action accrues when the last element constituting the cause of action occurs." Thus, in the instant case, appellants' cause of action did not accrue until such time as they suffered damage as a result of appellee's alleged negligence. That did not occur until the note and mortgage went into default in September 1994. As long as the note secured by the mortgage was being timely paid, appellants were not damaged, irrespective of the fact that the mortgage as recorded was not enforceable. This suit was therefore filed within the time period prescribed by the statute of limitations.
As a separate point on this appeal, appellants argue that the court erred in entering the summary judgment before they could take the deposition of appellee's corporate officer which appellants had scheduled. That issue was not properly preserved for review, but in any event, it is moot.
The final summary judgment is reversed and this cause remanded for further proceedings not inconsistent herewith.
REVERSED.
DELL and TAYLOR, JJ., concur.
NOTES
[1] The amended complaint contained counts for alleged breach of both an oral and a written contract, as well as a count for negligence. In applying the doctrine of "agent for a disclosed principal," the final summary judgment does not distinguish between the breach of contract counts and the negligence counts.
[2] The corporate appellant was the original mortgagee. The mortgage was assigned to the other appellants at closing. All were plaintiffs, and they are collectively designated as appellants.
[3] Apparently, appellants have made some monetary settlement with Commonwealth.
[4] We certainly assume without question that appellee was an agent for Commonwealth in issuing the mortgage title policy. But that does not necessarily mean that appellee, acting as "closing agent," was also acting in that capacity on behalf of Commonwealth. See, e.g., Sommers v. Smith & Berman, P.A., 637 So.2d 60 (Fla. 4th DCA 1994).