990 So.2d 680 (2008)
Sadruddin BABUL and Rahmat Barkat, Appellants,
v.
GOLDEN FUEL, INC., Appellee.
No. 2D07-4541.
District Court of Appeal of Florida, Second District.
September 19, 2008.
Sadruddin Babul and Rahmat Barkat, pro se.
*681 Lansing C. Scriven of Lansing C. Scriven, P.A., Tampa, for Appellee.
WALLACE, Judge.
Sadruddin Babul and Rahmat Barkat appeal the final summary judgment for damages entered against them in favor of Golden Fuel, Inc. Because the affidavit that Mr. Babul and Mr. Barkat filed in opposition to Golden Fuel's motion for summary judgment raised a genuine issue of material fact concerning whether they signed the contract at issue individually or as agents for a disclosed principal, we reverse.

The Facts
On November 26, 2004, Golden Fuel submitted a quotation on a two-page, preprinted form to an entity described as "Petro Mart Convenient [sic] Store[,] 38497 County Rd. 54 East[,] Zephyrhills, Fl. 33540." In the quotation, Golden Fuel proposed to remove and replace two underground fuel tanks and perform related work for a stated price, plus "ADDITIONAL OUTSIDE EXPENSES paid for by the owner." The entity to which the quote was submitted"Petro Mart Convenient [sic] Store" (Petro Mart)was not further identified. The document's text referred to the other contracting party initially as "the above named purchaser" and subsequently as "the Purchaser."
Mr. Babul and Mr. Barkat signed the quotation on a line labeled "ACCEPTANCE" near the bottom of the first page. There is no indication in the area provided for acceptance of the quotation that either Mr. Babul or Mr. Barkat signed the quotation as an agent for another entity. Furthermore, the relationshipif anybetween Petro Mart and Mr. Babul and Mr. Barkat is not explained anywhere in the document.
In January 2007, Golden Fuel filed an action against Mr. Babul and Mr. Barkat, individually, for breach of contract. In its complaint, Golden Fuel alleged that it had performed under the contract but that Mr. Babul and Mr. Barkat had breached the contract by failing to pay the balance due in the amount of $46,634.50. Mr. Babul and Mr. Barkat filed responses to Golden Fuel's complaint, denying liability and asserting that they were not individually liable for the debt.[1] Mr. Babul and Mr. Barkat subsequently filed a "motion to dismiss wrongful complaint" in which they claimed that Golden Fuel should have sued "Muyyad[,] Inc. of Florida" instead of them. According to Mr. Babul and Mr. Barkat, Golden Fuel was aware that they signed the quotation as corporate officers of Muyyad, Inc.
Golden Fuel filed a motion for summary judgment. In an affidavit filed in support of the motion, Golden Fuel's vice-president addressed the issue of the identity of the other contracting party or parties as follows:
10. I am aware from papers filed in this case that Babul and Barkat have asserted that they signed the Contract in their capacities as officers of a corporation known as Muyyad, Inc. The Contract does not make any reference to Muyyad, Inc. I also never had any "side agreements" with Babul nor [sic] Barkat that they were not individually liable under the Contract or that I understood they were signing the Contract in some type of corporate capacity.
11. All of the payments Golden Fuel received under the Contract (except one) were drawn on accounts owned by Babul *682 or Barkat individually. Although Golden Fuel received one payment in the form of a cashier's check purchased by a corporation known as Hasan, Inc., the source of that payment was of no consequence to me as Golden Fuel's only interest was in being timely paid for its work.
Thus Golden Fuel denied any knowledge that Mr. Babul and Mr. Barkat had signed the quotation as agents for another entity.
In response, Mr. Babul and Mr. Barkat filed their own affidavit addressing this issue as follows:
b) Muyyad, Inc.[,] a Florida corporation, agreed to a "Purchase & Sale Agreement with Petrol [sic] Mart, Inc. (In Bankruptcy proceedings)[,] a Florida corporation (attached)[.] Please "NOTE" 1st Page, Golden Fuel, Inc. was fully aware that the "Purchaser" of the real estate in question was Muyyad, Inc.[,] not the "Defendants."

c) It was Golden Fuel, Inc.['s] sole responsibility, who while in possession of such indisputable knowledge of "Purchaser['s]" identity to add or modify their own "Contract" language to absolutely and unambiguously identify there [sic] customer.
d) On November 26th[,] 2004[,] Muyyad, Inc.[,] a Florida corporation, signed a contract with Golden Fuel, Inc.[,] a Florida corporation[,] for the removal and replacement of the underground storage tanks located at 38497 C.R. (54)[,] Zephyrhills, Fl. 33540. We did so as officers of Muyyad, Inc.[,] not as individuals [ ], or why have a Florida corporation in the first place.
e) Golden Fuel. Inc.[,] was well aware (verifiable at trial) that Muyyad[,] Inc.[,] was purchaser, not the Defendants in this case.
f) The Golden Fuel, Inc.[,] Contract was solely drafted by Golden Fuel, Inc.[,] or representative thereof who choose [sic] or neglected to provide specific language indicating what authority, Individuals ... or Corporate Officers were signing said contract.
g) The contract in question would not have been signed by Defendants if there was any indication that we were signing the contract as Individuals.

Attached to the affidavit was a copy of a real estate contract that identified "Muyyad, Inc." as the buyer of the property. Mr. Babul and Mr. Barkat signed the real estate contract as the president and vice president, respectively, of Muyyad, Inc.
After a hearing, the circuit court granted Golden Fuel's motion for summary judgment. The circuit court subsequently entered judgment in favor of Golden Fuel for the $46,634.50 claimed to be due under the contract, plus prejudgment interest, costs, and attorney's fees. This appeal followed.

The Standard of Review
The standard of review for an order granting a motion for summary judgment is de novo and requires a two-pronged analysis. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper only if (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered, Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000), and (2) the moving party is entitled to a judgment as a matter of law, Aberdeen at Ormond Beach, 760 So.2d at 130. "If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." *683 Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991).

The Parties' Arguments
On appeal, Mr. Babul and Mr. Barkat argue that summary judgment was improper because there was a genuine issue of material fact concerning whether they accepted Golden Fuel's quotation individually or as agents for a disclosed principal. Specifically, Mr. Babul and Mr. Barkat contend that Golden Fuel's agents knew that Muyyad, Inc., was the proposed buyer of Petro Mart and that they signed the proposal for the removal and replacement of the two underground storage tanks as corporate officers of Muyyad, Inc. The affidavit that Mr. Babul and Mr. Barkat filed in opposition to the motion for summary judgment supports their contention about Golden Fuel's knowledge of their status as agents for the corporate buyer of the property. In response, Golden Fuel observes that its quotation contains an integration clause. Golden Fuel argues that the integration clause in the contract precludes Mr. Babul and Mr. Barkat from attempting to vary the terms of the contract by claiming that they did not sign it in their individual capacities.

Discussion
We conclude that the affidavit filed by Mr. Babul and Mr. Barkat in opposition to the motion for summary judgment raised a genuine issue of material fact. Consequently, the circuit court erred in entering the final summary judgment in favor of Golden Fuel.
Golden Fuel's argument based on the integration clause in the contract is unpersuasive. "[W]here ... there is an ambiguity on the face of a contract as to the capacity of parties and their relationship with one another and the surrounding circumstances when they entered into the agreement, the court is proper in receiving parol evidence." Landis v. Mears, 329 So.2d 323, 326 (Fla. 2d DCA 1976) (citing Hazlett v. Willaume, 76 Fla. 514, 80 So. 309 (1918)); see also Producers Fertilizer Co. v. Holder, 208 So.2d 492, 494 (Fla. 2d DCA 1968) (holding that "parol evidence is admissible to identify the real parties in interest in a transaction"); Restatement (Third) of Agency § 6.01 cmt. c (2006) ("Unless the contract explicitly excludes the principal as a party, parol evidence is admissible to identify a principal and to subject the principal to liability on a contract made by an agent. The parol-evidence rule does not bar proof that an agent made a contract on behalf of a principal.").
In this case, there is an ambiguity in the contract concerning the identity of the party or parties contracting with Golden Fuel. The contract identifies Petro Mart as the purchaser, but this appellation appears to be nothing more than the name of the business location. Further, the relationship between Petro Mart and Mr. Babul and Mr. Barkat is not explained. Thus a review of the four corners of the contract in question fails to clearly identify the parties to the contract. It follows that Mr. Babul and Mr. Barkat should be entitled to defend the action by presenting parol evidence that they entered into this contract as agents for a corporate principal. See Landis, 329 So.2d at 326; Producers Fertilizer Co., 208 So.2d at 494.
"[A]n agent acting within the course and scope of its agency relationship with a disclosed principal is not liable for the debts or obligations of the principal arising from contracts which the agent may negotiate or execute on behalf of such disclosed principal." Sussman v. First Fin. Title Co. of Fla., 793 So.2d 1066, 1068 (Fla. 4th DCA 2001) (citing Philip Schwartz, Inc. v. Gold Coast Graphics, Inc., 623 So.2d 819 (Fla. 4th DCA 1993)). "[I]f the contracting party knows the identity of the *684 principal for whom the agent purports to act, the principal is deemed to be disclosed." Van D. Costas, Inc. v. Rosenberg, 432 So.2d 656, 659 (Fla. 2d DCA 1983) (citing Potter v. Chaney, 290 S.W.2d 44 (Ky.Ct.App.1956)). A dispute concerning the contracting party's knowledge of the identity of the principal for whom the agent claims to act presents an issue of fact. See id. (citing Myers-Leiber Sign Co. v. Weirich, 2 Ariz.App. 534, 410 P.2d 491 (1966)).
Here, the affidavit filed by Mr. Babul and Mr. Barkat in opposition to the motion for summary judgment stated that they had signed the contract "as officers of Muyyad, Inc.," and that "Golden Fuel, Inc. was well aware ... that Muyyad, Inc.[,] was [the] purchaser, not [Mr. Babul and Mr. Barkat]." These statements were not inconsistent with the contract's provisions. They also contradicted the statements in the affidavit made by Golden Fuel's vice president that he "never had any `side agreements' with Babul nor [sic] Barkat that they were not individually liable under the [c]ontract or that [he] understood they were signing the [c]ontract in some type of corporate capacity." The ambiguity in the contract about the identity of the contracting parties and the conflicting affidavits raised a genuine issue of material fact concerning whether Mr. Babul and Mr. Barkat had signed the contract as agents for a disclosed principal. It follows that summary judgment was improper and that the final summary judgment must be reversed.
Reversed and remanded for further proceedings.
LaROSE, J., and CANADY, CHARLES T., Associate Judge, Concur.
NOTES
[1] Mr. Babul and Mr. Barkat have represented themselves in the circuit court and in this court.