■ YOUSSEF JORGE, Respondent, v JAMES J. SUTTON et al., Appellants.—In a negligence action to recover damages for personal injuries arising from a motor vehicle accident, the defendants appeal from an order of the Supreme Court,

Queens County (Hyman, J.), dated April 7, 1986, which denied their motion for summary judgment dismissing the complaint for failure to meet the threshold requirement of a "serious injury" as defined under Insurance Law § 5102 (d) and § 5104 (a).

Ordered that the order is affirmed, with costs.

Although in the first instance the plaintiff must establish, prima facie, the existence of a serious injury within the meaning of Insurance Law § 5102 (d), the defendant movants, in seeking the drastic remedy of summary judgment, have the burden of tendering sufficient evidence in admissible form to show that they are entitled to judgment as a matter of law (*Brown v Visan Fuel Oil Co.*, 114 AD2d 396; *Merlis v Lupo*, 108 AD2d 902). On this record, we conclude that the defendants did not sustain their burden. In the posture of this case, accepting as true the evidence favoring the plaintiff, we find that the plaintiff's claim of a serious injury within the meaning of the Insurance Law presents a question of fact to be resolved by the jury. Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.