■ YOUSSEF JORGE, Appellant, v KEVIN SUTTON et al., Respondents.—In a negligence action to recover damages for personal injuries arising from a motor vehicle accident, the plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated November 25, 1986, which granted the defendants' motion to permanently stay arbitration.

Ordered that the order is affirmed, with costs.

We find that the Supreme Court properly granted the defendants' motion to permanently stay arbitration. The record reveals that the plaintiff actively participated in this litigation by opposing the defendants' motion to dismiss for failure to meet the threshold requirement of physical injury after he had endorsed an agreement with the insurer of the defendants' vehicle to arbitrate the controversy. The plaintiff, however, failed to inform the court as well as the defendants that he had become a signatory to an arbitration agreement. Indeed, the defendants were first apprised of the plaintiff's decision to arbitrate months later, when they perfected an appeal to this court from the order denying that motion. Significantly, the plaintiff moved to dismiss the appeal on the ground that he had entered an agreement to arbitrate, but that motion was denied and the order appealed from was affirmed *(Jorge v Sutton,* 128 AD2d 837).

Under the circumstances, we conclude that plaintiff's actions manifested an affirmative acceptance of the judicial process and that he thereby waived and abandoned his right

to proceed before an arbitrator *(see, Roggio v Nationwide Mut. Ins. Co.,* 66 NY2d 260; *De Sapio v Kohlmeyer,* 35 NY2d 402; *Schwartz v Schmergel,* 121 AD2d 527; *C. I. Planning v Weeks,* 112 AD2d 854). Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.