■ In the Matter of MARVIN NEIMAN et al., Appellants, v YEHUDA BACKER et al., Respondents.—In a proceeding pursuant to CPLR article 75 for a stay of arbitration, the petitioners appeal from (1) an order of the Supreme Court, Kings County (Williams, J.), dated October 15, 1990, which, after a hearing, *inter alia,* denied their application to stay arbitration and dismissed the petition, (2) an order of the same court, entered April 17, 1989, which denied the respondents' motion to modify a prior decision of the same court dated January 10, 1989, and (3) an order of the same court dated May 18, 1989, which denied their motion for authorization to the parties to release from escrow the proceeds from the sale of a certain parcel of real property.

Ordered that the appeal from the order entered April 17, 1989, is dismissed, as petitioners are not aggrieved by that order *(see,* CPLR 5511), and no appeal lies from an order denying a motion to vacate or set aside a decision *(see, Behrens v Behrens,* 143 AD2d 617); and it is further,

Ordered that the order dated October 15, 1990, is modified, by deleting the provision thereof dismissing the petition as to Marvin Neiman and substituting therefor a provision granting the application to stay arbitration with respect to the petitioner Marvin Neiman; as so modified, the order dated October 15, 1990, is affirmed; and it is further,

Ordered that the order dated May 18, 1989, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner Helen Neiman and the respondents are signatories to a written partnership agreement providing for the arbitration of all disputes arising thereunder. The respondents assert that although the petitioner Marvin Neiman is not a signatory of the agreement, it had been agreed by all parties to this proceeding that he would in fact be a member of the partnership. The respondents asserted before the Supreme Court, Kings County, that the omission of Marvin Neiman's signature from the agreement was acquiesced in by them solely as an accommodation to Marvin Neiman, who allegedly wished to hide his interest in the partnership assets for reasons unrelated to the present proceeding.

Parol evidence is inadmissible to vary the terms of a partnership agreement where there is no ambiguity therein. Thus, the Supreme Court improperly relied upon such evidence in concluding that the petitioner Marvin Neiman was a de facto party to the written arbitration agreement, and had therefore assented to the arbitration provision in question *(see, Matter of Rosmarin,* 107 AD2d 689, 692-693). Although it is true that a written arbitration agreement need not be signed by the party sought to be bound *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291), there must be sufficient proof that the parties actually agreed to arbitrate *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith, supra; O'Brien v Bache Halsey Stuart Shields,* 80 AD2d 846). No evidence was adduced at the hearing other than the written arbitration agreement, to show that the petitioner Marvin Neiman had in fact agreed to arbitrate.

The petitioner Helen Neiman was, however, bound by the agreement to arbitrate and we cannot agree with the petitioners that the respondents have waived the right to compel arbitration among the signatories to the agreement. The respondents' unsuccessful motion to appoint a temporary receiver for realty which is the subject of this dispute was not inconsistent with their intention to arbitrate, and therefore did not constitute a waiver of their right to insist on arbitration *(see, BR Ambulance Serv. v Nationwide Nassau Ambulance,* 150 AD2d 745; *cf., Matter of City of Newburgh v Local 589, Intl. Assn. of Firefighters,* 140 AD2d 339; *Jorge v Sutton,* 134 AD2d 573).

The Supreme Court did not improvidently exercise its discretion by denying the petitioners' motion to release from escrow moneys received from the sale of a portion of the realty in question. If the moneys held in escrow are released pending arbitration, any award to the respondents would be rendered ineffectual since there would be no fund from which payment of the award could be made *(see, Shewchun v American Express, Travel Related Serv.,* 69 NY2d 725). Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.