792 So.2d 580 (2001)
H.W. GAY ENTERPRISES, INC., Appellant,
v.
JOHN HALL ELECTRICAL CONTRACTING, INC., Appellee.
No. 4D00-4363.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
Rehearing Denied September 7, 2001.
Dena R. Taub of Taub & Taub, P.A., Boca Raton, for appellant.
Adam C. Linkhorst of Leiby, Taylor, Stearns, Linkhorst and Roberts, P.A., Fort Lauderdale, for appellee.
GROSS, J.
H.W. Gay Enterprises, Inc., appeals a final judgment confirming an arbitration award against it in favor of appellee, John Hall Electrical Contracting, Inc. We affirm, holding that the parties agreed by their words and conduct to an arbitration clause in a written contract.
At an evidentiary hearing, Hall's evidence was that it submitted a winning bid for work on a project in Aventura. From Gay, Hall received a written agreement. John Hall signed the contract on behalf of his company and returned it to Herb Gay, president of appellant. Gay *581 filled in blanks on the contract, but never signed it. Hall testified that he and Gay did their best to comply with the terms of the agreement. Hall was paid in accordance with the unsigned contract. The evidence of such a course of dealing supports the trial court's finding that the parties "agreed to be bound to the written but unsigned agreement containing an arbitration clause."
The trial court's enforcement of the arbitration agreement in the written contract did not violate section 682.02, Florida Statutes (2000), which provides that
[t]wo or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof.
The provision requires only that an arbitration clause be in writing, not that both parties sign it. Section 682.02 is unlike the statute of frauds, section 725.01, Florida Statutes (2000), which requires that certain agreements or promises, or "some note or memorandum thereof," be "in writing and signed by the party to be charged therewith." (Italics supplied). One purpose of a signature on a contract is to evidence the signer's intent to be bound by its terms. Here, the parties' assent to the terms of the written contract was established by their words and conduct.
AFFIRMED.
POLEN, C.J., and WARNER, J., concur.