883 So.2d 377 (2004)
David EPSTEIN, Appellant,
v.
PRECISION RESPONSE CORPORATION, a Florida corporation, Appellee.
No. 4D03-3046.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Joseph A. DeMaria and Peter F. Valori of Tew Cardenas, L.L.P., Miami; and Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellant.
Alan G. Greer of Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., Miami; Michael H. Steinberg of Sullivan & Cromwell, L.L.P., Los Angeles, CA; and Bradley A. Harsch of Sullivan & Cromwell, L.L.P., New York, NY, for appellee.
SHAHOOD, J.
Appellant, David Epstein, appeals the order dismissing his Complaint to Stay Arbitration. We hold that the trial court erred by dismissing the complaint without first holding an evidentiary hearing, and reverse and remand for the trial court to conduct such a hearing.
David Epstein (Epstein) is the chief executive officer of Precision Response Corporation (PRC), appellee herein. He is also a shareholder in a company called Avaltus, Inc. (Avaltus). PRC acquired Avaltus pursuant to a Merger Agreement (agreement), which Epstein did not sign, but which secured his position as one of three directors of the surviving corporation. The agreement contained the following arbitration provision:
In the event of a dispute hereunder or relating to the transaction contemplated hereby, including under or with respect to any of the agreements to be executed and delivered pursuant hereto ..., arbitration will be the sole and exclusive method of resolving the dispute, except that a party may seek a preliminary injunction, temporary restraining order, or other preliminary judicial relief if, in its judgment, the action is necessary to avoid irreparable damage or harm.
After the agreement was executed, New River Holding Limited Partnership (New *378 River), a party to the agreement because it was one of the entities holding Avaltus shares, brought an arbitration claim against PRC alleging a violation of the agreement. PRC answered and filed a third-party complaint against Epstein on the basis of his involvement in promoting the sale of Avaltus to PRC. PRC sought to enforce the arbitration agreement against Epstein.
Epstein filed a Complaint to Stay Arbitration, asserting that he was not bound by the arbitration clause because he was not a signatory to the agreement. He asked the court to "summarily hear and determine the issue of the making of the agreement or provision and, according to its determination,. . . grant or deny the application." PRC moved to stay or continue its obligation to respond to the complaint on the basis that the exact issue of whether Epstein was bound to arbitrate was pending before an arbitration panel.
The arbitration panel subsequently issued its opinion concluding that PRC's claim against Epstein was arbitrable and denying his challenge to the panel's jurisdiction. Thereafter, the circuit court entered an order dismissing Epstein's complaint to stay arbitration, which is the subject of this appeal.
Epstein filed a motion for rehearing, reconsideration or clarification and a stay of the order pending appeal. He argued that the order should be vacated because it was entered without an evidentiary hearing and was based solely on the allegations in PRC's pleadings. In a footnote, he asked the court to clarify whether the complaint was dismissed with or without prejudice.
At the hearing on the motion the court explained that even though such relief was not requested, the complaint was dismissed because "as a matter of law ... [Epstein] was so intertwined with the arbitration and underlying players that he could be forced to go to arbitration." The trial court acknowledged having entered a judgment on the pleadings stating, "a memo of law is just as good as an evidentiary hearing."
On appeal, Epstein argues that it was error for the court to dismiss his complaint after addressing the arbitration issue on the merits without an evidentiary hearing. He points out that the relief requested was only his motion for default and PRC's motion for stay pending resolution by the arbitration panel.
Epstein's complaint sought only a stay of the arbitration proceedings pursuant to section 682.03(4), Florida Statutes (2003). In requesting a stay of the arbitration proceedings, he requested that the court "summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application." This language tracks the statute, which states:
On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.
§ 682.03(4), Fla. Stat. (2003); see generally Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (holding that in ruling on a motion to compel arbitration, a court must consider: (1) whether the parties have entered into a valid arbitration agreement, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived).
*379 In Jalis Construction, Inc. v. Mintz, 724 So.2d 1254 (Fla. 4th DCA 1999), this court interpreted the above statutory language as requiring the trial court to resolve the question of whether there is a valid arbitration agreement as part of the ruling on a motion to compel arbitration (or stay arbitration as in this case). Id. at 1254. Thus, it was held:
If the court discerns that there are no disputed issues, it is required to enter an order compelling arbitration pursuant to the terms of the parties' agreement. On the other hand, if the court finds disputed issues regarding the making of the agreement or the failure, neglect, or refusal to perform the same, the court is mandated to "summarily hear and determine the issue...." In our view, the latter requirement contemplates an expedited evidentiary hearing.
Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127, 129 (Fla. 4th DCA 1982). Thus, in Jalis Construction, this court held, "[w]e read the statute as requiring a preliminary summary disposition even where, as here, the complaint seeks a judicial determination of the existence of the agreement." Jalis Constr., Inc., 724 So.2d at 1255.
In this case, the court was bound to summarily determine the arbitration issue. The issue here is whether, in doing so, the court should have held an evidentiary hearing or, more specifically, whether it was appropriate for the trial court to rely upon the parties' memoranda of law in assessing the facts relevant to the arbitration issue. The trial court concluded that, although there was a valid agreement to arbitrate to which Epstein was not a party, he was nevertheless bound based on an agency relationship and the fact that the issues relating to him were intertwined with the issues already being litigated. While these theories might, if proved, subject Epstein to the authority of the arbitration clause, see generally Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999); Qubty v. Nagda, 817 So.2d 952, 957-58 (Fla. 5th DCA 2002), the facts supporting the issues of arbitration were disputed and the trial court should have held an evidentiary hearing to resolve them. See Sanchez v. Woerner Mgmt., Inc., 867 So.2d 1173 (Fla. 1st DCA 2004) (holding that an unsworn memorandum is a pleading and not an evidentiary document; therefore, it had no evidentiary value and should not have been admitted as an exhibit).
We accordingly reverse and remand for the trial court to conduct an evidentiary hearing. Because we are reversing and remanding on this issue we decline to address any other issues raised.
REVERSED AND REMANDED.
POLEN and MAY, JJ., concur.