984 So.2d 658 (2008)
Alexander SANTOS, Appellant,
v.
GENERAL DYNAMICS AVIATION SERVICES CORPORATION, a foreign corporation, Appellee.
No. 4D07-5067.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*659 Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for appellant.
Suzanne K. Bogdan and Kacy M. Marshall of Fisher & Phillips LLP, Fort Lauderdale, for appellee.
POLEN, J.
Appellant, Alexander Santos, appeals the trial court's non-final order compelling arbitration and staying judicial proceedings pursuant to Appellee's, General Dynamics Aviation Services's, motion. We find that there was a valid and enforceable arbitration agreement between the parties and affirm.
Santos was first employed by General Dynamics in July 2002. In August 2002, General Dynamics implemented a Dispute Resolution Policy (DRP). In March 2003, General Dynamics issued an updated version of the policy to all employees, and in April 2003, the DRP went into effect. The DRP applied "to all applicants for employment and current employees of Gulfstream Aerospace Corporation, a Delaware corporation, and all of its direct and indirect subsidiaries." The DRP covered employment-related claims including employment discrimination and harassment. The DRP stated arbitration was the "sole and exclusive forum and remedy for all Covered Claims," and that the parties agreed to waive any right to jury trial for a covered claim. The DRP further provided that "the continuation of employment by an individual shall be deemed to be acceptance of the DRP. No signature shall be required for the Policy to be applicable."
In September 2006, Santos filed an administrative complaint with the Palm Beach County Office of Equal Opportunity (OEO), which forwarded the complaint to the Florida Commission on Human Relations (FCHR). General Dynamics participated in the administrative process and defended itself against Santos' claims.
The FCHR had not yet reached a determination when, in July 2007, Santos filed a complaint against General Dynamics in circuit court. Santos brought claims of employment discrimination and retaliation pursuant to the Florida Civil Rights Act (FCRA) alleging that he was "unjustly terminated . . . because of his national origin (Puerto Rican and Dominican) and because of his complaints of discrimination."
When Santos filed his complaint in circuit court, General Dynamics filed a motion *660 to compel arbitration and stay of judicial proceedings pursuant to the Federal Arbitration Act (FAA). General Dynamics alleged Santos' claims fell within the DRP and asked the court to compel arbitration as Santos did not voluntarily agree to submit his claims to arbitration. In support of its motion to compel arbitration, General Dynamics attached a mailing list of all of the employees who had been sent the amended DRP. General Dynamics also attached an affidavit from its attorney, Timothy Maguire, attesting to the fact that the amended DRP had been mailed to every employee listed, including Santos. Maguire's affidavit further established that General Dynamics was a subsidiary of Gulfstream Aerospace Corporation.
The trial court granted General Dynamic's motion to compel arbitration. Santos now appeals the trial court's order and he argues on appeal: (1) by failing to raise the issue of arbitration during the OEO complaint process, General Dynamics waived its right to arbitration and is estopped from filing a motion to compel arbitration; (2) there was never a valid agreement between the parties to submit claims to arbitration because he never signed the policy and there was no consideration as General Dynamics imposed the DRP after he was employed; (3) claims brought under the Florida Civil Rights Act are not subject to arbitration because the legislature set up a statutory right for individuals to have their day in court; (4) the agreement does not apply to Santos because it states it is applicable to employees of "Gulfstream Aerospace Corporation" and "its direct and indirect subsidiaries" and does not identify General Dynamics as one of those direct or indirect subsidiaries. We address the validity of the arbitration agreement. As to Santos' other arguments, we find they are not persuasive, and affirm without further discussion.
Santos argues the DRP does not constitute a valid contract because he never signed the arbitration agreement and there was no consideration for the change in the terms of his employment. The Federal Arbitration Act (FAA) applies to the agreement between General Dynamics and Santos because General Dynamics is engaged in interstate commerce and the term "involving commerce" is to be interpreted broadly. See Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 273-74, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).
The FAA provides:
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
9 U.S.C. § 2. As we held in BDO Seidman, LLP v. Bee, an arbitration agreement does not need to be signed to satisfy the written agreement requirement of the FAA. 970 So.2d 869, 874 (Fla. 4th DCA 2007) (citing Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1369 (11th Cir.2005)). Moreover, the Florida Arbitration Code does not require an arbitration agreement to be signed to be enforceable. H.W. Gay Enters., Inc. v. John Hall Elec. Contracting, Inc., 792 So.2d 580, 581 (Fla. 4th DCA 2001). But there must be sufficient proof that the parties agreed to arbitrate. BDO Seidman, 970 So.2d at 874 (citing Neiman v. Backer, 167 A.D.2d 403, 404, 561 N.Y.S.2d 811 (N.Y.App.Div.1990)).
*661 Thus, in the present case, the fact that Santos did not sign the DRP does not automatically render the agreement invalid. Instead, when an arbitration agreement is not signed, we look to a party's words and conduct to determine whether the party assented to the agreement. H.W. Gay Enters., Inc., 792 So.2d at 581. In BDO Seidman, a partner at an accounting firm continued his partnership with the firm after an Amended Partnership Agreement was adopted, and we held that his continued employment with BDO Seidman evinced his acquiescence to the agreement. 970 So.2d at 872, 875. Similarly, Santos' continued employment with General Dynamics after receipt of the DRP sufficiently demonstrates his assent to the terms of the arbitration agreement.
Finally, there was sufficient consideration to support the DRP because the agreement created a mutual obligation to arbitrate. "[M]utual promises and obligations are sufficient consideration to support a contract." Caley, 428 F.3d at 1376. See also Kinko's, Inc. v. Payne, 901 So.2d 354, 355 (Fla. 2d DCA 2005) ("the agreement of a party to submit to arbitration is sufficient consideration to support the other party's agreement to do the same").
Therefore, we hold that the arbitration agreement is valid and enforceable.
Affirmed.
WARNER and TAYLOR, JJ., concur.