PALMER, J.
 

 Crystal Motor Car Company (Crystal Motor) appeals the non-final order entered by the trial court denying its motion to compel arbitration.
 
 [1]
 
 Determining that Crystal Motor was entitled to receive an evidentiary hearing on its motion, we reverse.
 

 Andrea Bailey filed a complaint against Crystal Motor alleging sixteen separate claims of liability arising out of an agreement to purchase a motor vehicle from Crystal Motor. Bailey alleged that Crystal Motor breached the terms of the agreement by seeking additional consideration for the transaction, taking possession of the car from Bailey without notice, and maintaining possession of Bailey’s trade-in vehicle.
 

 Crystal Motor filed a motion to compel arbitration alleging that the parties’ motor vehicle agreement contained an arbitration clause applicable to Bailey’s claims. Bailey filed a response to the motion with an affidavit contending that she did not sign any arbitration provision and that her signature on the document presented with Crystal Motor’s motion to compel arbitration was a forgery.
 

 In denying the motion to compel arbitration, the trial court expressly found that a factual issue existed concerning the validity of Bailey’s signature. The court ruled:
 

 The Defendant’s Motion to Compel Arbitration is DENIED as Plaintiff has raised an issue regarding the validity of the signature of the Plaintiff on the arbitration agreement document, thereby casting doubt on the validity of the arbitration agreement.
 

 Crystal Motor contends that the trial court committed reversible error when it ruled on its motion to compel arbitration without first holding an expedited eviden-tiary hearing since there were factual disputes as to whether Bailey executed a document containing an arbitration agreement. We agree.
 

 Section 682.03 of the Florida Statutes governs proceedings to compel arbitration. The statute reads, in pertinent part:
 

 682.03. Proceedings to compel and to stay arbitration
 

 (1) A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the
 
 *791
 
 terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
 

 § 682.08(1), Fla. Stat. (2008). The clear wording of the statute requires the trial court to conduct a hearing on a party’s motion to compel when there is a “substantial issue” regarding the making of the arbitration agreement. As such, the trial court should have conducted an evi-dentiary hearing before entering an order denying Crystal Motor’s motion to compel arbitration. Accordingly, we reverse and remand for an evidentiary hearing.
 

 REVERSED and REMANDED.
 

 MONACO, C.J., and SAWAYA, J„ concur.
 

 [1]
 

 . Appellate jurisdiction is proper pursuant to rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure which authorizes appeals to the district courts of non-final orders that determine the entitlement of a party to seek arbitration.