WALLIS, J.
Fi-Evergreen Woods, LLC (“Fi-Evergreen”), Themis Health Management, LLC (“Themis Health”), and Airamid Health Management, LLC n/k/a Airamid Health Services, LLC (“Airamid Health”), appeal an order denying their respective motions to compel arbitration.[1] Debra Howe also appeals the order; however, the lower court did not rule on her motion in its order. We, therefore, do not have jurisdiction to consider her appeal.[2] We *334 have jurisdiction to consider the remaining arguments of Fi-Evergreen, Themis Health, and Airamid Health (“Appellants”). Because a substantial issue was raised as to the making of the arbitration agreement, we reverse and remand for the lower court to conduct an evidentiary hearing.
T.C. Robinson (“Husband”) admitted his wife, May Robinson (“Resident”), to a nursing home after she fractured her left hip. In her complaint, Resident alleged that she resided at the nursing home from February 16, 2011, to March 28, 2011, and from April 4, 2011, to May 4, 2011. She alleged that, while in the care of the nursing home, she fractured her right hip and suffered other medical complications due to Appellants’ negligence. Resident also alleged that Appellants breached a fiduciary duty by accepting payments and not providing appropriate care. Finally, Resident sought to recover under the Adult Protective Services Act, section 415.1111, Florida Statutes (2011), under which she alleged that she was a vulnerable adult with a long-term disability who did not have capacity to consent.
The same counsel represented Debra Howe and Appellants. However, for each appellant, counsel filed separate motions and amended motions to stay and demand for arbitration, despite the language being substantially similar. Fi-Evergreen filed its Motion to Compel Arbitration on January 24, 2012. Themis Health and Airamid Health filed a joint Motion to Stay and Demand for Arbitration on January 24, 2012. Debra Howe did not file a motion to compel arbitration in January 2012.
On February 10, 2012, Resident filed her Memorandum in Opposition to Defendants’ Arbitration Motions and Request for Hearing, arguing she was entitled to a presumption of competence, despite alleging in her complaint that she had a long-term disability and was without the capacity to consent. On February 20, 2012, Fi-Ever-green, Themis Health, and Airamid Health filed amended motions to compel. Also, on February 20, 2012, Debra Howe filed an initial Motion to Stay and Demand for Arbitration.
In the arbitration agreement attached to the motions and amended motions to compel arbitration, Husband signed the agreement and indicated his relationship to Resident as “Husband.” Resident’s name does not appear on the agreement. Husband did not complete the portion of the agreement that asked him to describe his authority to sign on behalf of Resident.[3] Husband failed to indicate in the agreement whether he had documentation of power of attorney, legal guardianship, authorization from the Resident, or none of the above.
On April 9, 2012, the lower court entered an order denying (1) Fi-Evergreen’s Motion to Compel Arbitration and (2) Themis Health and Airamid Health’s joint Motion to Stay and Demand for Arbitration. The lower court did not rule on Appellants’ amended motions or Debra Howe’s initial motion. The lower court found that the arbitration agreement on its face was wholly lacking and, thus, unenforceable because Husband had not indicated on the agreement his authority to sign on Resident’s behalf.
We review de novo an order denying a motion to compel arbitration. Hubbard Constr. Co. v. Jacobs Civil, Inc., 969 So.2d 1069, 1072 (Fla. 5th DCA 2007) (citing Avid Eng’g, Inc. v. Orlando Marketplace, Ltd., 809 So.2d 1 (Fla. 5th DCA 2001)).
*335 Courts consider three elements under the Florida Arbitration Act and federal statutory provisions when ruling on a motion to compel arbitration: “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (quoting Terminix Int’l Co. v. Ponzio, 693 So.2d 104, 106 (Fla. 5th DCA 1997)). The present case implicates only the first element— whether a valid written agreement to arbitrate exists. The applicable provision of the Florida Arbitration Act at issue in the present case provides:
(1) A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.
§ 682.03(1), Fla. Stat. (2012) (emphasis added).[4] We have previously indicated that “[t]he clear wording of [section 682.03(1) ] requires the trial court to conduct a hearing on a party’s motion to compel when there is a ‘substantial issue’ regarding the making of the arbitration agreement.” Crystal Motor Car Co. of Hernando, LLC v. Bailey, 24 So.3d 789, 791 (Fla. 5th DCA 2009) (reversing and remanding after the trial court expressly found a factual issue without first conducting an evidentiary hearing); see also Tandem Health Care Of St. Petersburg, Inc. v. Whitney, 897 So.2d 531, 532 (Fla. 2d DCA 2005) (“[T]he statutory requirement that the court ‘shall summarily hear and determine the issue’ contemplates an expedited evidentiary hearing.” (citing Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127, 129 (Fla. 4th DCA 1982))). Furthermore, “[t]he statutory directives are mandatory in nature.” Tandem Health Care, 897 So.2d at 532 (citing Acumen Constr., Inc. v. Neher, 616 So.2d 98, 99 (Fla. 2d DCA 1993)). Thus, if the existence of a valid arbitration agreement turns on the resolution of factual issues, the lower court must conduct an expedited evidentiary hearing. Id. at 533.
A failure to sign an arbitration agreement does not automatically render the agreement invalid. Santos v. Gen. Dynamics Aviation Servs. Corp., 984 So.2d 658, 660 (Fla. 4th DCA 2008) (noting that Florida Arbitration Act does not require a written arbitration agreement to be signed *336 to be enforceable). Unlike documents that fall within the statute of frauds, section 725.01, Florida Statutes (2011), the Florida Arbitration Act, section 682.02, Florida Statutes (2012), does not require the party to be charged to sign an arbitration agreement. H.W. Gay Enters., Inc. v. John Hall Elec. Contracting, Inc., 792 So.2d 580, 581 (Fla. 4th DCA 2001) (holding that by their words and conduct, the parties assented to the terms of the contract — an arbitration clause — which did not require a signature). The lower court’s determination — the agreement was wholly unenforceable on its face because only Husband signed without indicating the authority to do so — was error.
In the absence of a signature, the courts look to a party’s words and conduct to determine whether the party assented to the agreement. Id. An exception to the general rule that only parties to an arbitration agreement can be compelled to arbitrate exists “when the signatory of the arbitration agreement is authorized to act as the agent of the person sought to be bound, and ‘[n]on-signatories may be bound by an arbitration agreement if dictated by ordinary principles of contract law and agency.’ ” Stalley v. Transitional Hosps. Corp. of Tampa, Inc., 44 So.3d 627, 629-30 (Fla. 2d DCA 2010) (quoting Martha A. Gottfried, Inc. v. Paulette Koch Real Estate, 778 So.2d 1089, 1090 (Fla. 4th DCA 2001)). “An agency relationship can arise by written consent, oral consent, or by implication from the conduct of the parties.” Stalley, 44 So.3d at 630 (citing Thomkin Corp. v. Miller, 156 Fla. 388, 24 So.2d 48, 49 (1945)).
The lower court should have considered parol evidence[5] at an evidentia-ry hearing. Typically, the parol evidence rule provides that evidence outside the contract language “may be considered only when the contract language contains a latent ambiguity.” Duval Motors Co., 73 So.3d at 265 (citing Wheeler v. Wheeler, Erwin & Fountain, P.A., 964 So.2d 745, 749 (Fla. 1st DCA 2007)). “[W]hen a contract is rendered ambiguous by some collateral matter, it has a latent ambiguity, and the court must hear parol evidence to interpret the writing properly.” MacGray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC, 915 So.2d 657, 659 (Fla. 2d DCA 2005) (quoting RX Solutions, Inc. v. Express Pharmacy Servs., Inc., 746 So.2d 475, 476 (Fla. 2d DCA 1999)). Usually, a court may not resolve a patent ambiguity — an ambiguity appearing on the face of the document — by consideration of parol evidence. MacGray Servs., Inc., 915 So.2d at 659 (citing Crown Mgmt. Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984); Landis v. Mears, 329 So.2d 323, 325-26 (Fla. 2d DCA 1976)).
However, courts allow parol evidence regarding identity, capacity, and the parties’ relationship with one another even when the ambiguity exists on the face of the document because the court would not be rewriting the terms of the contract. Landis, 329 So.2d at 326 (stating that when “the ambiguity is patent, to admit evidence would be improper since it would, in effect, allow the court to rewrite the contract for the parties by supplying information the parties themselves did not choose to include,” but “that distinction is not relevant here since the court was only interested in determining the capacity of the parties who entered the agreement rather than in varying or supplying any terms to the agreement”). The lower court should permit Appellants to present *337 parol evidence addressing the patent ambiguity regarding Husband’s capacity to sign the arbitration agreement and whether an agency relationship exists on the face of the document. Babul v. Golden Fuel, Inc., 990 So.2d 680, 683 (Fla. 2d DCA 2008) (holding that the ambiguity in the face of the contract concerning the identity of the parties and the relationship between a principal and an agent require that the defendant should be entitled to present parol evidence that they entered into this contract as agents for a corporate principal (citing Landis, 829 So.2d at 326; Producers Fertilizer Co. v. Holder, 208 So.2d 492, 494 (Fla. 2d DCA 1968))).
Accordingly, the lower court should have conducted an evidentiary hearing pursuant to section 682.03(1), Florida Statutes (2012), to resolve one of two factual issues: (1)whether Resident assented to the arbitration agreement in the absence of her signature; or (2) whether Husband had authority to sign on Resident’s behalf. Therefore, the trial court’s order denying Fi-Evergreen’s and Themis Health and Airamid Health’s motions to compel arbitration is reversed and remanded for further proceedings.
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.

. This Court has jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iv).

. To preserve an issue for appellate review, the appellant must have obtained, inter alia, a ruling in the lower tribunal. See Carratelli v. State, 832 So.2d 850, 856 (Fla. 4th DCA 2002). The lower court neither considered nor issued a ruling on Debra Howe's Motion to Compel Arbitration. This Court does not have jurisdiction to hear Debra Howe's appeal because there is not a non-final order from which she can appeal. Fla. R. App. P. 9.130(a)(3)(C)(iv) (including "the entitlement of a party to arbitration” as an appealable non-final order). The lower court's order clearly indicated the motions on which it ruled and, thus, the omission of Debra Howe appears not to be simply a scrivener’s error.

. Resident’s name, May Robinson, does not appear on the agreement.

. During the pendency of this appeal, the Florida Arbitration Act was extensively revised and is now known as the Revised Florida Arbitration Act. Ch. 2013-232, § 8, Laws of Fla. (eff. July 1, 2013). The plain language of section 682.03 no longer contains the term “hear.” Compare § 682.03(1), Fla. Stat. (2012) ("[The court] shall summarily hear and determine the issue ....”), with § 682.03(l)(b), Fla. Stat. (2013) ("[T]he court shall proceed summarily to decide the issue....”). The Legislature's intent is clear that the Revised Florida Arbitration Act applies prospectively. See § 682.013(3), Fla. Stat. (2013) ("The Revised Florida Arbitration Code does not affect an action or proceeding commenced or right accrued before July 1, 2013.”). Therefore, in this appeal, we follow the pre-2013 version of section 682.03, which contained the term "hear” and was in effect when this suit was initiated. We do not reach the issue of whether the omission of the term "hear" in section 682.03, Florida Statutes (2013), obviates the requirement of an eviden-tiary hearing.