# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1487
Lower Tribunal No. 21-8338
_____

**Contragolpe LLC, et al.,**
Appellants,

vs.

**505 NE 30 Street, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Michael S. Perse and Ryan J. Bollman; Carlos Casuso; Legacy Law, P.A., and Mishaal K. Patel, for appellants.

Knight Law, P.A., and Jeremy I. Knight, Shlomo Y. Hecht and Gemma Torcivia (Hollywood), for appellee FL Lend LLC.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

BOKOR, J.

Contragolpe LLC, and other sellers of condominium units, appeal summary judgment entered in favor of the buyers, including 505 NE 30th Street, LLC. In resolving dueling summary judgment motions by the sellers and buyers, the trial court considered extrinsic evidence to construe an ambiguous provision and determined that the buyers timely exercised their right of cancellation of a purchase agreement, entitling them to a return of their deposit. Because we determine that the language of an addendum to the purchase and sale agreement contained a patent ambiguity as to the effective date of the purchase and sale agreement and the resulting cancellation deadline, we are compelled to reverse.

## BACKGROUND

Contragolpe LLC and the other sellers entered separate contracts for the purchase and sale of their condominium units to 505 NE 30th Street, LLC. Each contract provided a $264,000 purchase price and a $10,000 deposit to be held in escrow. A further $15,000 deposit was due within 60 days of the contracts' "effective date"; in the event of a cancellation after this 60-day window, both deposits would be forfeited as liquidated damages. In a section titled "Time for Acceptance of Offer and Counter-Offers; Effective Date," the contract read:

2

(a)     Unless otherwise stated, time for acceptance of any counter-offers shall be within 2 days after the day the counter-offer is delivered.

(b)     The effective date of this Contract shall be the date when the last one of the Buyer and Seller has signed or initialed and delivered this offer or final counter-offer ("Effective Date").

The last party to sign this initial contract, buyer 505 NE 30th Street, LLC, signed and delivered on October 6, 2020.

After entering into the purchase and sale agreements, the parties executed addenda assigning the contract to a new buyer, FL Lend LLC. The addenda switched out the buyers' identities and named a different title company. Each addendum also provided that the "[t]ime for acceptance of this contract is extended until October, 15, 2020." FL Lend LLC signed and delivered the addenda on October 17, 2020. On December 16, 2020, FL Lend LLC notified the sellers' agent of its intent to terminate the purchase agreement. No second deposit in the amount of $15,000 was made.

Contragolpe LLC and the other sellers filed suit, alleging breach of contract. At summary judgment, they argued that because the initial contracts were signed and delivered on October 6, 2020, this was the effective date. Consequently, they argued, the December 16 cancellation was outside the 60-day window and the buyers remained on the line for the outstanding deposit. In support of their motion, the sellers attached a series

3

of text messages and emails between the sellers' and buyers' agents. In one from October 6, for example, the new buyers' agent told his associates: "Due diligence starts 60 days from today."

The buyers cross-moved for summary judgment. They argued that the addenda's provision extending "[t]ime for acceptance of this contract" applied not only to the acceptance of the terms of the addenda, but to acceptance of the terms of the initial contracts with 505 NE 30th Street, LLC, as well. Because that modification of the initial contract would have occurred on the date the last party signed and delivered each respective addendum, the buyers argued that the 60-day window to cancel the initial contract should run from then. According to the buyers, a December 16 cancellation fell within the amended 60-day cancellation window where an addendum was signed on October 17, and no liability for the second deposit accrued. Like the sellers, the buyers' motion also pointed to extraneous evidence in the form of written messages, for example a December 15 email in which an agent commented that the buyer retained, as of that time, a "right to pull out."

After a hearing on the dueling motions, the trial court entered an order granting summary judgment in favor of the buyers. It noted that "[t]he term 'contract,' in the Addendum is undefined, and it is ambiguous whether it refers to all the terms of the original Contract, or whether it refers only to

4

those terms in the Addendum." The court reasoned that because "the facts of the case are not in dispute," it was empowered to resolve the ambiguity as a matter of law. Looking to the parties' parol evidence, the court concluded that the addenda's use of "this contract" did in fact refer to and modify the initial contracts with 505 NE 30th Street, LLC. Because that modification occurred on October 17, that date became the initial sales contracts' new "effective date" from which the 60-day window ran. The court then concluded that the December 16 cancellation was timely. This appeal followed.

## ANALYSIS

As the Florida Supreme Court has explained, a contractual ambiguity exists where the language of a contract "is susceptible to more than one reasonable interpretation." Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1005 (Fla. 2010) (quotation omitted). In the absence of an ambiguity, "the intent of the parties to a written contract must be ascertained from the words used . . . without resort to extrinsic evidence." Real Est. Value Co. v. Carnival Corp., 92 So. 3d 255, 260 (Fla. 3d DCA 2012) (quotation omitted); see also Dirico v. Redland Ests., Inc., 154 So. 3d 355, 357 (Fla. 3d DCA 2014).

To prevail at summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a); Welch v. CHLN, Inc., 357 So. 3d

5

1277, 1278 (Fla. 5th DCA 2023). A court may sometimes resolve an ambiguity at summary judgment by examining extrinsic evidence; this depends on the type of ambiguity and the nature of the evidence. "There are two types of ambiguities—patent and latent." Real Est. Value Co., 92 So. 3d at 260 (quotation omitted). A patent ambiguity "appears on the face of the instrument," arising from defective, obscure, or insensible language. Bowein v. Sherman, 374 So. 3d 895, 897 (Fla. 6th DCA 2023) (quotation omitted); see also Brickell Fin. Servs. – Motor Club, Inc. v. Road Transp., LLC, 298 So. 3d 62, 67 (Fla. 4th DCA 2020). A latent ambiguity arises where the language itself is clear but some extraneous fact or collateral matter "creates a need for interpretation or a choice between two or more possible meanings." Riera v. Riera, 86 So. 3d 1163, 1166 (Fla. 3d DCA 2012) (quotation omitted). While a trial court may sometimes consider extrinsic evidence to cure latent ambiguities at the summary judgment phase, if the extrinsic "evidence is itself conflicting, summary judgment is inappropriate." Vareka Invs., N.V. v. Nat'l Life Ins. Co., 469 So. 2d 931, 931 (Fla. 3d DCA 1985) (cleaned up); see also Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC, 915 So. 2d 657, 660 (Fla. 2d DCA 2005) ("The addendum thus contains a latent ambiguity, which required the consideration of parol evidence and precluded the entry of summary judgment.").

But the existence of a patent ambiguity precludes consideration of parol evidence for any purpose other than to clarify issues regarding the "identity, capacity, or the parties' relationship with one another." Nationstar Mortg. Co. v. Levine, 216 So. 3d 711, 715 (Fla. 4th DCA 2017) (quotation omitted). Absent one of those exceptions, "a court may not resolve a patent ambiguity—an ambiguity appearing on the face of the document—by consideration of parol evidence." Id. at 715–16 (quoting Fi-Evergreen Woods, LLC v. Robinson, 135 So. 3d 331, 336 (Fla. 5th DCA 2013)). Here, the addenda defined "Contract" to mean the original sales agreement while also noting that "[t]ime for acceptance of this contract is extended until October 15, 2020." The use of the language "this contract," as opposed to the capitalized and defined term, "Contract," without further clarification, constitutes a patent ambiguity: does the time for acceptance of "this contract" also refer to the initial sales agreement, as amended by the addenda, or just to the addenda themselves? The ambiguity appears on the face of the document and is not born out of any extraneous fact.

"Florida courts have consistently declined to allow the introduction of extrinsic evidence to construe [a patent ambiguity] because to do so would allow a trial court to rewrite a contract with respect to a matter the parties clearly contemplated when they drew their agreement." Bowein, 374 So. 3d

at 898 (quotation omitted); <u>see also</u> <u>Hunt v. First Nat'l Bank of Tampa</u>, 381 So. 2d 1194, 1196 n.1 (Fla. 2d DCA 1980). And although the trial court correctly recognized that "it is ambiguous whether ['contract'] refers to all the terms of the original Contract, or . . . only to those terms in the Addendum," it improperly resolved this patent ambiguity at summary judgment by both considering and weighing conflicting parol evidence.

Reversed and remanded for further proceedings.