DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIMBERLY JEAN NOWICKI,**
Appellant,

v.

**GET WET WATERSPORTS, INC.,** and
**ELIJAH JEREMY KORNHAUSER,**
Appellees.

No. 4D2024-1077

[April 23, 2025]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Reid Scott, Judge; L.T. Case No. 50-2023-CA-012665-XXXX-MB.

Jay M. Levy of Jay M. Levy, P.A., Miami, for appellant.

Lissette Gonzalez of Cole, Scott & Kissane, P.A., Miami, for appellee Get Wet Watersports, Inc.

WARNER, J.

Appellant, Kimberly Jean Nowicki, challenges the trial court's order compelling her to arbitrate with appellee, Get Wet Watersports, Inc., in accordance with the terms of a Jet Ski Rental Waiver (Agreement). Appellant argues on appeal that the trial court erred in enforcing the agreement's arbitration provision, because Get Wet failed to prove appellant signed the agreement, and the causes of action did not fall within the agreement's arbitration provisions. We affirm on both points.

**Facts**

Appellant and her fiancé rented jet skis from appellee Get Wet. The two collided while out on the water, and appellant was injured.

Appellant sued Get Wet for negligence, negligence per se, and vicarious liability for her fiancé's negligence. She also sued her fiancé for negligence. Get Wet moved to compel arbitration based on the agreement's broad arbitration clause:

The Participant, . . . hereby agrees to submit any dispute, claim, or controversy, relating to and/or arising from (a) this Release of Liability Assumption of Risk, Waiver of Claims, Indemnification & Binding Arbitration Agreement, (b) Participant's participation in the Activities and/or (3) any other interaction between the Participant and the Host, **including the determination of the scope or applicability of this agreement to arbitrate, to binding arbitration.**

(emphasis added). The agreement contained an electronic signature of appellant as "Kim N" and was initialed in multiple places by "Kim N" or "KN."

At a non-evidentiary hearing, Get Wet argued that the arbitration provision controlled, and that an arbitrator was to decide issues regarding the arbitration provisions' applicability. Appellant raised several challenges, two of which are raised in this appeal.

Appellant argued Get Wet had to provide evidence authenticating the contract and her signature. In addition, appellant argued the agreement did not cover her causes of action.

The trial court compelled arbitration, concluding that an agreement containing an arbitration provision existed between the parties and that Get Wet proved by a preponderance of the evidence that appellant signed the document. The trial court also found that the agreement's language and waiver encompassing "any dispute, claim, or controversy, relating to/or arising from . . . Participant's participation in the Activities," was sufficiently broad to conclude a significant relationship existed between the appellant's injuries and the nature and purpose of the waiver. This appeal follows.

**Analysis**

We review the decision to compel arbitration de novo. *See DFC Homes of Fla. v. Lawrence*, 8 So. 3d 1281, 1282 (Fla. 4th DCA 2009).

In ruling on a motion to compel arbitration, the trial court generally must consider: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived." *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013) (citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)).

2

Appellant raises two issues.  First, she claims the complaint's causes of action were not arbitrable issues under the arbitration provision. Second, she claims that Get Wet failed to prove the existence of an arbitration agreement.

Although the trial court found a significant relationship existed between the complaint's allegations and the agreement such that the issues were arbitrable, we need not consider arbitrability, because the arbitration agreement delegated arbitrability issues to the arbitrator. Parties to a contract containing a purported arbitration agreement can agree to submit to the arbitrator any "'gateway questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Airbnb, Inc. v. Doe*, 336 So. 3d 698, 703 (Fla. 2022) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019).  Here, the arbitration language provided that the parties agreed to submit the "determination of the scope or applicability of this agreement to arbitrate" to binding arbitration.

Appellant also argues that the trial court erred in compelling arbitration when Get Wet did not prove the existence of a signed arbitration agreement.  Appellant contends that because she did not attach the agreement to her complaint, Get Wet did not prove that she had signed the agreement with its arbitration terms.

Notably, appellant did not file a response to the motion to compel arbitration, nor did she file an affidavit stating that she had not signed the agreement.  During the hearing, appellant maintained Get Wet had not provided any proof that she had signed the arbitration agreement, but she did not deny that she had signed it.  The trial court reviewed the agreement, noting it had been electronically signed and initialed in several places, and included appellant's email address, telephone number, and an emergency contact of a person with appellant's last name.

Section 682.03, Florida Statutes (2022), governs proceedings to compel arbitration.  It provides in pertinent part:

> (1) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
>
> . . .

3

(b) **If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.**

§ 682.03, Fla. Stat. (2022) (emphasis added). Section 682.03 was amended in 2013, and the previous version differed with respect to how the court should proceed when presented with disputes as to the arbitration agreement. Section 682.03's previous version stated, "If the court shall find that a substantial issue is raised as to the making of the agreement or provision, **it shall summarily hear and determine the issue** and, according to its determination, shall grant or deny the application." § 682.03(1), Fla. Stat. (2013) (emphasis added).

Thus, the 2013 amendment dropped the requirement that the court must find that a "substantial issue" is raised as to the motion to compel. As well, the 2013 amendment removed the word "hear" from the court's duty in determining the issues. *Fi-Evergreen Woods, LLC v. Robinson*, 135 So. 3d 331, 335 n.4 (Fla. 5th DCA 2013) (recognizing the amended section 682.03 no longer contained the term "hear" and required the trial court to summarily decide the issue when a party objects to arbitration).

The Fifth District did not reach whether omission of the word "hear" obviated the need for an evidentiary hearing in *Fi-Evergreen*, because the amendment was not retroactive, and the case concerned the pre-amendment version of the statute. *Id.* However, two years later, the Third District recognized:

> The Revised Florida Arbitration Code authorizes the trial court "summarily to decide" a motion to compel arbitration "unless it finds that there is no enforceable agreement to arbitrate." § 682.03(1)(b), Fla. Stat. (2014).

*Arrasola v. MGP Motor Holdings, LLC*, 172 So. 3d 508, 514 (Fla. 3d DCA 2015). The Third District further noted: "The word 'decide' in the Code replaced the word 'hear' in 2013, suggesting that an evidentiary hearing is unnecessary if the court has concluded that there is an agreement to arbitrate." *Id.* (citing *Fi-Evergreen*, 135 So. 3d at 335 n.4). However, the Third District noted it did not have to address the effect of that statutory amendment because no dispute existed in that case that the arbitration agreement had been signed by both parties. *Id.*

Because arbitration is favored in Florida and is anticipated to be a less expensive and more expeditious form of dispute resolution than using the

judicial system, the legislative direction that a court should "proceed summarily to decide" issues regarding an arbitration agreement's validity indicates that the proceeding should be swift and avoid many of the procedural and evidentiary complexities of a formal evidentiary hearing. *See* § 682.03(1)(b), Fla. Stat. (2022). How "summary" a proceeding to determine arbitrability should be would most likely depend upon the issues involved and whether the court desires testimony to resolve factual disputes.

The key, of course, is whether a factual dispute exists. In *Linden v. Auto Trend, Inc.*, 923 So. 2d 1281 (Fla. 4th DCA 2006), we discussed how a factual dispute may be raised:

> Examination of the case law reveals four ways that parties might demonstrate to a court that a disputed issue exists "as to the making of the agreement" within the meaning of section 682.03(1): (1) arguments of counsel at a hearing, *see Houchins v. King Motor Co. of Fort Lauderdale, Inc.*, 906 So. 2d 325, 328 (Fla. 4th DCA 2005); *Proper v. Don Conolly Constr. Co.*, 546 So. 2d 758, 759 (Fla. 2d DCA 1989); (2) the filing of a written response in opposition to arbitration, *see Epstein v. Precision Response Corp.*, 883 So. 2d 377, 378 (Fla. 4th DCA 2004); *Tandem Health Care of St. Petersburg, Inc. v. Whitney*, 897 So. 2d 531, 532 (Fla. 2d DCA 2005); (3) the filing of affidavits, *see Proper*, 546 So. 2d at 759; and (4) review of documents furnished by counsel. *Id.*

*Id.* at 1283. In this case, none of the four ways identified in *Linden* were present.

In line with *Linden*, appellant did not raise a factual dispute. In *Linden*, we noted:

> Faced with a signed contract containing an arbitration clause, Linden needed to explain to the trial court how an evidentiary hearing was necessary to resolve a substantial issue concerning arbitration. Linden's attorney incorrectly assumed that an evidentiary hearing is always required once a motion to compel arbitration is filed. The trial court complied with the statute by summarily hearing the issue, discerning that there were no disputed issues of fact, and entering an order compelling arbitration pursuant to the parties' agreement.

*Id.* Similarly, here, appellant's counsel vaguely questioned appellant's signature, arguing nothing in the record showed she had signed it, not that she had not signed it. Counsel argued that his client was not required to produce evidence to the contrary. But counsel never denied that appellant had signed the document, and no affidavit or response made that claim. Moreover, counsel did not squarely ask the trial court for an evidentiary hearing, and on appeal only requests an evidentiary hearing in a footnote in the initial brief.

As section 682.03(1)(b) authorizes the trial court to "proceed summarily to decide" any issue on a motion to compel arbitration, we conclude that the trial court was not required to hold an evidentiary hearing where appellant did not affirmatively contest the authenticity of her signature on the arbitration agreement. The trial court reviewed the agreement, noting that all the information contained tied it to appellant. As appellant never maintained that she had not signed the agreement, the trial court's review of the document was sufficient to decide the issue of contract formation and send the matter to arbitrations.

## Conclusion

Based on the foregoing, we conclude the trial court's summary decision was in keeping with its duty pursuant to section 682.03 and Get Wet did not have to authenticate appellant's signature on the arbitration agreement. We affirm the trial court's order compelling arbitration, leaving to the arbitrator the determination of the issue of arbitrability of any issues pursuant to the terms of the contract.

*Affirmed.*

GERBER and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

6